### In Re Dennis E. Murphy

[ 214 A.2d 317 ]

October Term, 1965

Present: **Holden, C. J., Barney and Smith, J. J.**

**Hill and O'Brien, Supr. J. J.**

Opinion Filed October 28, 1965

*Dennis E. Murphy* pro se.

**Per Curiam.** This is a petition for a writ of habeas corpus. It is based on the claim of inadequate representation by counsel and invokes the Sixth Amendment of the U.S. Constitution.

The record presented in support of the application establishes that the petitioner, Dennis E. Murphy, is held in confinement at the State Prison at Windsor on a mittimus issued by the Orange County Court. Sentence, of not less than fifteen nor more than thirty years, was imposed after the petitioner was adjudged guilty of murder in the second degree on February 13, 1958.

The petitioner was indicted December 5, 1957, for the crime of first degree murder in the death of his wife, Nellie Murphy, at West Fairlee, Vermont. The offense was committed on October 22, 1957. On the following day he appeared with his counsel, a member of the bar in good standing, and entered pleas of not guilty and not guilty by reason of insanity. On the same day he was transferred to the Vermont State Hospital at Waterbury for observation.

On February 13, 1958, the petitioner appeared with his counsel in Orange County Court. At that time permission was requested to withdraw the prior plea of not guilty and not guilty by reason of insanity. The request was granted.

The record of the proceedings attached to the petition establishes that the respondent entered his plea of guilty to murder in the second degree in person when called upon by the court. A thorough explanation of all the facts and circumstances, including a statement of the psychiatric background of the offense, was presented to the court in the presence of the respondent by the respondent's counsel, as well as by those representing the State. At the conclusion of this presentation the presiding judge asked the petitioner if he had anything to say before sentence was imposed. The petitioner replied in the negative, adding only that he experienced a loss of memory and had he realized this he "could have straigtened myself out."

His claim that at no time did he speak in the courtroom during the proceedings is disproved by the verbatim transcript of the record.

He further complains that the Attorney General and his own counsel erroneously referred to his deceased wife as Mary Murphy, when in fact her correct name was Nellie Louise Murphy. He also contends that at most he was guilty only of negligent use of a gun as defined in 13 V.S.A. §4009, since the victim's death was entirely accidental.

These particular claims of error are not subject to review by

habeas corpus. It is available only to review that court's jurisdiction and questions involving fundamental rights of such stature that jurisdiction is affected. *In Re Mears,* 124 Vt. 131, 136, 198 A.2d 27; *In Re Greenough,* 116 Vt. 277, 282, 75 A.2d 569.

The only allegation in the present petition which achieves this substance is the claim charging a deprivation of the right to counsel. As to this, the record annexed to the petition refutes the charge.

At the time of sentence the court commented on the painstaking manner in which all the facts and the details of the family background had been investigated and presented by the petitioner's counsel. This is supported by the statements made in behalf of the petitioner by his counsel in pleading for clemency.

Against this record, the allegation that "the petitioner was not represented by counsel within the meaning of the 6th Amendment to the United States Constitution" is insufficient to justify the issuance of the Writ. "Whenever the court in good faith appoints or accepts the appearance of a member of the bar in good standing to represent a defendant the presumption is that such counsel is competent, otherwise he would not be in good standing at the bar and accepted by the court. The Constitution requirements have been met as to the necessity of counsel." *U.S. ex rel. Feeley* v. *Ragan* (1948 C.A. 7 Ill.) 166 F.2d 976, 980. Unless the record as a whole demonstrates the representation is so rife with shortcomings and of such low caliber as to amount to no representation, judgment of convitcion on a plea of guilty will not be vitiated on the claim of inadequate counsel. *People* v. *Martinez,* 88 Cal. App. 2d. 767, 199 P. 2d. 375, cert. den. 337 U.S. 909; *People* v. *Vitale,* 3 Ill. 2d. 99, 119 N.E. 2d. 784, 787, see also annotation 74 A.L.R. 2d. 1431.

*Petition dismissed.*