### State of Vermont v. Raymond L. Rushford

[ 241 A.2d 306 ]

February Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 2, 1968

*Joseph W. Kozlik,* Esq., for the petitioner.

*Robert W. West,* State's Attorney, and *Alan W. Cheever,* Assistant Attorney General, for the State.

**Shangraw, J.** This is an appeal from an order dated July 20, 1967, by the Rutland County Court denying the petitioner's application for post-conviction relief under the provisions of 13 V.S.A. §§7131-7137.

The petitioner is in confinement at the House of Correction under sentences of the Rutland County Court imposed March 17, 1964, following his pleas of guilty to the crimes of forgery. By this proceeding petitioner, in the court below, sought an order to vacate the judgments and sentences thereon entered. The application was denied and the case is in this Court on petitioner's appeal.

On October 11, 1963, the petitioner was arrested on a complaint issued by the Rutland Municipal Court charging him with several crimes of forgery. At the time of his arraignment before that Court on October 12, 1963, petitioner was fully informed of his right to be represented by counsel of his own choosing, and in the absence of funds to engage an attorney that the court would assign counsel to represent him. Petitioner replied that "I haven't had time to get a lawyer and I would like a continuance on this."

Petitioner attempted to obtain the services of a law firm. At the expiration of approximately one month, an attorney of this law firm visited him in jail about the case. Following this conference, the law firm which the petitioner selected to represent him, declined to do so.

On January 8, 1964, an attorney was assigned as counsel for the petitioner by the Rutland Municipal Court. This attorney consulted with the petitioner on a number of occasions concerning the charges pending in that court.

On February 29, 1964, a nolle prosequi was entered in the municipal court to the charges then pending against the petitioner. On the same day an information was filed in the Rutland County Court, later amended, charging petitioner with several crimes of forgery.

On March 17, 1964, the same attorney was appointed by the Rutland County Court to defend the petitioner. On the same date, and after consultation with his appointed attorney, the petitioner personally entered pleas of guilty to the information, as amended. Counsel was afforded ample time to prepare the case before the pleas were made, in that he had been working on this case since March 13, 1964.

We first call attention to prior efforts on behalf of the petitioner in seeking post-conviction relief.

During 1965 the petitioner sought a writ of habeas corpus. A full hearing was held thereon by the Windsor County Court at which time he was represented by different counsel appointed by the court. By the findings of fact the trial court determined that the pleas of guilty were voluntarily made, and that petitioner was represented by a competent attorney from January 8, 1964 through March 17, 1964. The court further determined that the Rutland Municipal Court had reason to believe that the petitioner was represented by counsel of his own choosing from his arrest on the municipal court warrant until the appointment of assigned counsel on January 8, 1964. The court also found that the proceedings in the Rutland County Court were regular.

Later, during April, 1966, a further petition for a writ of *habeas corpus* was brought by petitioner which was withdrawn. In May 1966 a motion to vacate the judgments and sentences was presented to the Rutland County Court alleging, among other grounds, a violation of the Fourth Amendment of the United States Constitution. Following a hearing this motion was denied, and on appeal the judgment of the lower court was affirmed by this Court. *In re Rushford*, 126 Vt. 148, 224 A.2d 907.

By a new motion dated July 14, 1966 the petitioner again sought to vacate the judgments and sentences. In this motion he assigned several grounds in support thereof. Among other grounds, petitioner alleged that he did not receive a speedy trial; that he did not have counsel at the time of his incarceration, presumably referring to his arrest on the Rutland Municipal Court complaint; and that he did not have counsel within the meaning of the Sixth Amendment of the United States Constitution. This petition was withdrawn October 31, 1966.

During argument before this court of the matter now considered, it was agreed by each party that the record of all of the foregoing proceedings might be referred to and considered in this appeal.

Then followed the motion to vacate dated March 3, 1967 of which we are now concerned. This was amended July 10, 1967 to read: *first*: that there was a lack of adequate legal representation; *second*: that there was no hearing to determine whether probable cause existed; *third*: that respondent was never arraigned in Rutland County Court; *fourth*: *fifth* and *sixth*: that respondent was never informed of the allegation nor given a copy of the information; *seventh*: that respon-

108

dent was not provided a speedy trial; *eighth*: that respondent was not given twenty-four hours in which to plead; *ninth*: that respondent was never advised concerning his constitutional and statutory rights; and *tenth*: that respondent never entered a plea of guilty to the amended information.

A full evidentiary hearing was held on this motion at which time petitioner was represented by counsel. On July 20, 1967 the Rutland County Court found that petitioner was adequately represented by competent counsel; that no probable cause hearing was requested; that a formal arraignment was waived in the Rutland County Court on March 17, 1964; that petitioner knew of the nature of the accusations made against him by the State at the time he entered his plea of guilty to the several counts of forgery; that he received a speedy trial in the Rutland County Court; that he waived the twenty-four hours in which to plead; that the contents of the information, as amended, were fully discussed by petitioner and his counsel prior to the entry of a plea of guilty to the several counts; and that such pleas were knowingly, willingly, and voluntarily made with full knowledge, after consultations with competent counsel, of the crimes charged against the petitioner.

In denying the petition, the lower court found and determined that there had been no violation of the petitioner's constitutional rights. As an additional ground for denying relief to the petitioner the court concluded that under the provisions of 13 V.S.A. §7134 it was not required to entertain the petition. This section provides: "The court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

■ Petitioner's brief is limited to two points. It is claimed that he was denied the right of counsel as guaranteed under the Sixth Amendment to the United States Constitution which is made obligatory upon the states by the Fourteenth Amendment. See, *In re Shuttle*, 125 Vt. 257, 258, 214 A.2d 48, citing, 21 Am.Jur.2d Criminal Law, §318; *Escobedo* v. *State of Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; *Gideon* v. *Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733. The right to counsel means the right to effective assistance of counsel and applies whether counsel is retained by the accused or appointed by the court. *State* v. *Truman*, 124 Vt. 285, 292, 204 A.2d 93.

In support of his claim, the petitioner also seeks assistance from Article X of the Vermont Constitution which reads in part as follows:

"That in all prosecutions for criminal offenses a person hath a right to be heard by himself and his counsel: * *."

More specifically, petitioner claims that he is unlearned in the law and unaware of the rights afforded to him by the United States Constitution and that at no time did he waive the right of counsel. He also contends that his indigency and resulting inability to obtain counsel, as a result of his incarceration, for a considerable time after his arrest prevented his adequate preparation of his case to meet the serious accusation presented by the charges of forgery. It is urged that this lack of legal counsel and legal preparation for his defense created additional pressure upon him, and ultimately culminated in his plea of guilty to the charges. This the petitioner claims is a deprivation of due process of law as guaranteed him by Article X of the Vermont Constitution.

We infer from the petitioner's brief that his claimed denial of constitutional rights, Federal and State, is first addressed to: (a) lack of counsel in the Rutland Municipal Court from October 12, 1963 to January 8, 1964; and (b) that he was pressured into pleading guilty in the Rutland County Court by reason of the lack of opportunity to prepare his defense.

At the time of petitioner's arraignment in the municipal court he indicated his desire for a continuance and an opportunity to obtain the services of an attorney. Petitioner attempted, without success, to obtain counsel and on January 8, 1964 counsel was requested and assigned to represent him.

Petitioner was charged in the Rutland Municipal Court with forging of checks. The charges against him in the Rutland County Court were of the same character. From January 8, 1964 until March 17, 1967 his assigned counsel conferred with petitioner at different times. Following investigation and legal research this attorney discussed and advised petitioner of the charges then pending in county court, following which petitioner personally entered a plea of guilty to the several counts. The court found that petitioner knew of the nature of the accusations made against him and that his plea to the charges were knowingly and willingly made.

■■ Assigned counsel must have sufficient ability and experience to fairly represent the respondent, to present his defense, and to protect his rights. *State* v. *Truman,* 124 Vt. 285, 291, 204 A.2d 93. When a trial court appoints or accepts the appearance of a member of the bar

in good standing as counsel for a respondent in a criminal proceeding, there is a presumption that the counsel is competent. *In re Murphy,* 125 Vt. 272, 274, 214 A.2d 317.

■ The findings reveal that petitioner's attorney is an experienced practitioner of law and has practiced in all courts of this State for many years. He had defended respondents in criminal cases, and also acted as judge of a municipal court. We are satisfied that the respondent was fully advised of his rights and the consequence of his plea of guilty to the several charges. Petitioner was not denied the effective assistance of counsel.

■ Lastly, petitioner urges that he was denied a speedy trial. Under the Sixth Amendment of the United States Constitution and Article 10 of Chapter I of the Vermont Constitution, in all prosecutions for criminal offenses, a respondent has the right to a speedy public trial. Although this right is secured by the paramount law, it is personal to the accused. He can waive its protection if that is his choice. *State* v. *Mahoney,* 124 Vt. 488, 490, 491, 207 A.2d 143, and cases cited. At no time following petitioner's arrest on the municipal court warrant, or later in the Rutland County Court criminal proceedings, did the petitioner seek a trial in either court.

When arraigned in the municipal court, the petitioner, at his request, was granted a continuance in order to afford him the opportunity of obtaining the services of an attorney of his own choice. Failing in this, and at his request, the municipal court, and later the county court, assigned counsel to represent the petitioner at the state's expense. The time intervening between the initial assignment of counsel and the final disposition of the charges in the county court afforded counsel ample opportunity to investigate the facts and prepare for trial.

■ The record fails to establish that the petitioner's right to a speedy and public trial by jury, under the federal and state constitutions, has been violated. His grounds of appeal are without merit.

By virtue of section 7134, *supra,* the State makes claim in its brief that petitioner's failure to raise available grounds for relief in previous proceedings results in a waiver in the instant case. This issue was not briefed by the petitioner. In view of the basis upon which our disposition of this appeal is predicated, there appears no occasion to discuss this point.

*The order denying the motion to vacate the judgments and sentences is affirmed.*