# In re William Dennis Clark

[ 255 A.2d 178 ]

April Term, 1969

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 3, 1969

*John P. Meaker, Esq.,* for the Petitioner.

*James M. Jeffords,* Attorney General, *Alan W. Cheever,* Assistant Attorney General, and *Kimberly B. Chéney,* States Attorney, for the State.

**Barney, J.** This is a petition for review of a sentence, brought under the post-conviction relief statute, 13 V.S.A. §7131. Relief was denied below. Under the provisions of 13 V.S.A. §7133, the lower court is directed to "determine the issues and make findings of fact and conclusions of law with respect hereto." We wish to make particular note of the praiseworthy manner in which the lower court carried out all aspects of this responsibility in this case. Both the factual

ingredients and the legal rationale of the decision have been effectively set forth for us.

The reported facts disclose that the petitioner was first arrested on a charge of forgery and committed to jail for want of bail. Counsel was assigned, and investigated the case. He attempted to get the charge dropped, and did get it amended to a charge of passing false token. The file of the prosecutor was opened to him and he was shown a photograph of his client cashing the check in question at a supermarket.

The attorney was convinced that, under the circumstances, his client had no possibility of a successful defense. He advised the petitioner that his chances for probation would be enhanced if he would cooperate with the authorities. The petitioner was then already on probation on a nonsupport charge, and told the attorney that his probation officer would "take him back." The attorney at no time promised the petitioner probation. Afterwards the petitioner did talk with a Burlington police detective about persons and events related to his offense.

On his attorney's advice the petitioner entered a plea of *nolo contendere* to the amended charge, and a pre-sentence investigation was ordered. While the matter was thus pending, the assigned attorney, in anticipation of possible absence from the state when the matter might be called up for sentencing, discussed the matter with his law partner. He fully advised his partner about all aspects of the case, including his hope to obtain probation for the petitioner based on his cooperation.

His partner then took over the case. When it was first called on for sentencing he got a continuance based on his inability to get in touch with the petitioner. When the matter was reset, the partner appeared with the petitioner. That attorney reviewed the case with the petitioner, going over job prospects, family situation and his cooperation with the authorities. The pre-sentence report, which was very unfavorable, was also discussed. The probation officer expressed an intent to charge the petitioner with breach of probation on the non-support charge, rather than to take him back. The report also showed a bad work record and several prior convictions.

The petitioner did not challenge or question the partner's appearance on his behalf in place of the attorney actually assigned. At no time did he indicate any desire to change his plea. Although the administra-

tive order then governing assignment of counsel provided for substitution of counsel by order of court, and relief from assignment only by order of court, the assigning court in fact ordered no relief and made no substiution.

The partner attended a conference in chambers before petitioner was to be sentenced. There the presiding judge indicated a disposition to sentence petitioner to 2 to 3 years confinement. The attorney made a fifteen minute presentation on behalf of the client stressing the cooperativeness of the petitioner, the time already spent in jail and his family situation. Upon return to open court he made a further brief argument. As a result, a sentence of 18 to 20 months was imposed. The petitioner testified that he expected, at the time of sentence, to receive a prison term, although it was longer than he anticipated.

The partner, like original counsel, is an experienced attorney, familiar with criminal matters of this nature. The lower court found that all facts which the sentencing court could consider in favor of the petitioner were fully and adequately presented to the court by qualified counsel, resulting in a revision downward of the sentence orginally intended.

The structure of this case is very similar to *State* v. *Jackson,* 127 Vt. 237, 246 A.2d 829. There is, first, the failure to comply with the directives of this Court, in this case as laid down in Administrative Order No. 6. Assignment as counsel involves a personal responsibility, and discharge not only requires the consent of the assigning court, but is subject to such terms and conditions as that court may impose. As a matter of orderly operation of the judicial system, compliance with the applicable court rules and administrative orders is essential. In this case, failure to do so has provoked this litigation, and we join with the lower court in disapproving the informality of the substitution of counsel here.

But, secondly, again as in *State* v. *Jackson, supra,* 127 Vt. 237, 238, 246 A.2d 829, this disapproval does not necessarily resolve the issue in favor of the petitioner. It is incumbent upon him to show that this substitution of counsel worked, or ought to be presumed to have worked, prejudice to him.

This kind of proceeding is, substantively, a special statutory remedy in the nature of *habeas corpus,* applicable to those "in custody under sentence of a court." 13 V.S.A. §7131. It provides for judicial

review of challenges to confinement on grounds "that the sentence was imposed in violation of the constitution or laws of the United States, or of the state of Vermont, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack * * *."

Thus, as was the case in *habeas* proceedings, the petitioner is the advancing party and has the burden of proof. *In re Shuttle,* 125 Vt. 257, 258, 214 A.2d 48. Mere errors or irregularities not reaching the "constitutional dimension" mentioned in *In re Newton,* 125 Vt. 453, 457, 218 A.2d 394, will not vitiate the conviction, *In re Murphy,* 125 Vt. 272, 274, 214 A.2d 317, but may give rise to appropriate corrective action, if required. 13 V.S.A. §7133.

In this case, the conclusion of the lower court that the petitioner has shown no prejudice on account of the irregular substitution of counsel is fully borne out by the record. Relief was properly denied.

*The judgment dismissing the petition is affirmed.*