**54**

———◆———

Whitney B. Christy, in pro. per.

Robert L. Meyer, U.S. Atty., David R. Nissen, Chief, Criminal Division, Michael J. Lightfoot, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

**Whitney B. CHRISTY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 26203.**

United States Court of Appeals, Ninth Circuit.

Jan. 15, 1971.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Appellant seeks to set aside his conviction following a guilty plea under 28 U.S.C. § 2255. The District Court denied relief without granting an evidentiary hearing.

Appellant in his petition presented two grounds for relief.

■ 1. He contended that his plea was induced by an involuntary confes-

sion. The confession was given two months before the plea was entered. At the time of his plea he was represented by counsel, and from the record it is clear that the validity of the confession was discussed with counsel prior to the entry of the plea. We find no merit in this ground for relief. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L. Ed.2d 763 (1969).

■ 2. Appellant contends that his plea was induced by promises made by an FBI agent that he would, if he pleaded guilty, be sentenced under the Youth Act or receive a light sentence. (He received a sentence of 18 years.) The District Court found that the files and records conclusively established the facts against him. In our judgment this was error.

■ The fact that on entering his plea appellant had assured the court that no one had promised him anything is not conclusive. As this court noted in United States v. Tweedy, 419 F.2d 192, 193 (9th Cir. 1969), he might have thought "that this was all part of the game and that honest answers would destroy the deal." Other factors relied on by the District Court may well reflect on the likelihood that appellant's claim will ultimately prove meritorious; but they do not establish that the claim is "patently false and frivolous," United States v. Tweedy, *supra*, or "incredible," Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).[1]

The Government, relying upon Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), asserts that the District Court has discretion in determining whether to hold an evidentiary hearing. That is not correct. *Sanders* held that, where the facts upon which the petitioner's claim is predicated are outside the record, a hearing is required. Id. at 20, 83 S.Ct. 1068. The discretion which remains in the District Court pertains to the determination of whether petitioner's presence at the hearing is necessary. Id. at 21, 83 S.Ct. 1068.

The Government also relies upon Austin v. United States, 408 F.2d 808 (9th Cir. 1969). But *Austin* is not controlling here; there the court found that "the motivating cause of appellant's guilty plea was his commission of the crime, his conduct thereafter and his confession of the crime on arrest, and not the alleged promises." 408 F.2d at 812.

Reversed and remanded for a hearing on appellant's claim that his plea was induced by promises of leniency.

---

1. The District Court mentioned four factors: petitioner waited over three years before applying for relief under § 2255; he had a previous prison record; his plea was to a lesser offense than that with which he was charged; and his plea was entered as a result of a motion to withdraw an earlier plea of not guilty.