### In re Edgar Lee Bousley

[292 A.2d 249]

No. 18-71

Present: Shangraw, C.J., Barney, Keyser, JJ., Martin and Gibson, Supr. JJ.

Opinion Filed June 6, 1972

*Parker, Ainsworth & Richards,* Springfield, for Petitioner.

*Robert L. Tepper,* State's Attorney, for the State.

**Keyser, J.** This is an appeal from the denial of the respondent's petition to vacate sentence instituted under the provisions of 13 V.S.A. §§ 7131–7137. The appellant was charged in the District Court of Vermont, Rutland Circuit, with

presentation of false tokens and uttering a forged instrument in violation of 13 V.S.A. §§ 1802 and 2002. Trial was by jury on January 20, 1970, which resulted in a verdict of guilty and a sentence of 18 to 36 months at State Prison. No appeal was taken from this conviction.

The appellant initially employed his own attorney to defend him. Subsequently, the same attorney, who had a record of good standing for nearly 20 years in Vermont court, continued as Bousley's attorney at state expense by assignment of the court. This was ostensibly at appellant's desire and request.

The gravamen of appellant's petition relates solely to appellant's claim that his counsel was incompetent and this, he alleged, denied him his constitutional right to effective counsel thereby invalidating his conviction in district court.

The narrow question at issue is whether the appellant's claim can be sustained that he was inadequately represented by counsel so that he was denied his constitutional right to adequate counsel.

The findings establish that the respondent, together with Raymond Rushford and Rosemary Harvey, went to the Vermont Roofing Company premises in Rutland on the evening of September 30, 1969. Miss Harvey remained in the car. The men left and later, after burglarizing the company's office, returned with the company's checkbook and its checkwriter. They all went to Bousley's apartment where Bousley and Miss Harvey made out some of the company's printed blank checks. One check was for $50.20, dated September 3, 1969, and payable to Harrison Ingham. This check was presented to Mr. Ott, a clerk in the Danby Cash Market, on October 1, 1969, in exchange for some groceries and cash. Mr. Ott identified the respondent as the person who passed the check at the store.

Bousley indicted his attorney because of the following deficiencies which, when taken together, it is claimed displays the ineffectiveness of his counsel: failure to adequately confer with appellant prior to trial; failure to depose and cross-examine certain state witnesses, one of whom had allegedly been under psychiatric care; refusal of counsel to let appellant testify in his own behalf; failure to present a defense by way of witnesses or evidence; failure to move for a directed verdict; and failure to appeal.

■ The burden of proof was on the appellant as the advancing party to prove by a preponderance of the evidence his allegations of the incompetency of his counsel. *In re Clark*, 127 Vt. 555, 558, 255 A.2d 178 (1969).

The findings of fact of the court below dealt with each one of these allegations of the appellant. Supported by its subordinate findings, the court found that "the petitioner was professionally, adequately represented by legal counsel" and declared that it did "not find any violation of the petitioner's constitutional rights."

The right to effective counsel in criminal proceedings was recognized as an inviolable constitutional right in the infamous "*Scottsboro* case". *Powell* v. *Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932); Annot., 74 A.L.R.2d 1390, 1404 (1960). Also this Court has recognized that the right to counsel as announced in the Sixth Amendment of the United States Constitution means the right to effective assistance of counsel. *State* v. *Truman*, 124 Vt. 285, 291–92, 204 A.2d 93 (1964); *In re Shuttle*, 125 Vt. 257, 258, 214 A.2d 48 (1965); *In re Murphy*, 125 Vt. 272, 214 A.2d 317 (1965); *State* v. *Rushford*, 127 Vt. 105, 108–10, 241 A.2d 306 (1968).

There is no exact test found in the reported cases by which the effectiveness of counsel in a criminal proceeding can be measured. There is neither uniformity of decision nor certainty in the cases where a convicted criminal pleads that his trial counsel was incompetent and inadequate.

What this Court has said regarding the question of the effectiveness of counsel is stated in *In re Murphy, supra,* and *State* v. *Rushford, supra. In re Murphy, supra,* we held 125 Vt. at 274:

"Unless the record as a whole demonstrates the representation is so rife with shortcomings and of such low caliber as to amount to no representation, judgment of conviction on a plea of guilty will not be vitiated on the claim of inadequate counsel."

In *Rushford, supra,* we said 127 Vt. at 109–10 that assigned counsel must have sufficient ability and experience to fairly represent the respondent, to present his defense, and to protect his rights. And that when a trial court appoints or

accepts the appearance of a member of the bar in good standing as counsel to represent a respondent in a criminal proceeding, the presumption is that such counsel is competent, and hence effective. To the same effect, *U.S. ex rel. Feeley* v. *Ragan*, 166 F.2d 976, 980 (7th Cir. 1948).

The Maine Supreme Court, in *Bennett* v. *State*, 161 Me. 489, 214 A.2d 667, 674 (1965), said that:

> "Where accused was represented by counsel of his own selection, he cannot complain of counsel's incompetence, errors of judgment or mismanagement of his defense unless the representation was of such poor caliber as to reduce the proceedings to a farce and a sham, as where the representation was so ineffective as to make the conviction a mockery or manifest miscarriage of justice. (Numerous case citations omitted.)"

And the court held that "As a prerequisite to relief, erroneous conduct of counsel must be of such character as to have deprived the accused of his constitutional right to a fair and impartial trial, or otherwise of due process."

We now turn to the accusations made by Bousley which he alleges constitute inadequate representation by his attorney. The trial court made extensive findings of fact on each of his grievances many of which were grounded upon the contradictory testimony of Bousley and the attorney and affords a sufficient evidentiary basis. We have often held that this Court must affirm the findings if there is credible evidence to support them, *Lane Construction Corp.* v. *State*, 128 Vt. 421, 428, 265 A.2d 441 (1970), and that the weight of the evidence and the credibility of the witnesses is for the trier of fact to determine, all conflicts in evidence being resolved against the excepting party. *Brown* v. *Pilini & Wilson*, 128 Vt. 324, 329, 262 A.2d 479 (1970).

The first two claims of error fall within the category of pre-trial preparation. The allegation is that the attorney did not prepare sufficiently to be effective by conferences with the appellant and by discovery of the testimony of the state's witnesses by depositions. The appellant maintains that the total time spent by counsel was less than one hour in conference with him prior to trial. The attorney testified, and the trial

court found, that the time in conference was at least four hours.

Neither the attorney nor the findings of fact dispute the failure to depose witnesses. However, the court found that the attorney engaged in voluntary discovery with the state's attorney through several conferences by telephone and in person and was given the information and evidence in the possession of the state's attorney. The information thus obtained was discussed with Bousley by his attorney at six or seven conferences with him.

■ ■ However, even though counsel has a duty to prepare, the level of effectiveness is not measured by the amount of time consumed in oral discussion and research. See *United States* v. *Wight,* 176 F.2d 376, 379 (2d Cir. 1949), in which total preparation was limited to a fifteen-minute conference between counsel and accused. Also, the use of depositions is not an exclusive method of discovery. Here, informal voluntary discovery between defense counsel and the prosecuting attorney took place and the record shows this was sufficient without taking other steps to obtain facts necessary for a defense to the charge.

■ The finding that the pre-trial preparation in this case was sufficient is amply supported by the evidence.

■ The next series of allegations of ineffectiveness of counsel concern activities of counsel during the course of trial. One is as to the failure to cross-examine state's witness, Rosemary Harvey. A reading of the testimony she gave at the trial shows it to be of such a damaging caliber to appellant's case, that her cross-examination could be of no help to the respondent. None of her testimony was contradicted by him. Moreover, the appellant told his counsel before trial that Miss Harvey knew nothing which would help him. As a matter of trial tactics counsel did not cross-examine her for fear that she might produce more damaging and prejudicial testimony to the respondent. Her cross-examination might well elicit new or repetitive testimony adverse to the accused or serve to emphasize and reinforce her story in the eyes of the jury. Such re-

sult would tend to strengthen rather than impeach her testimony. Such conduct neither establishes prejudice against the respondent nor ineffective representation of the respondent.

Cross-examination is essentially a tactical decision by trial counsel. It is stated in *Slaughter* v. *United States*, 89 A.2d 646, 647–48 (Mun.Ct.App.D.C. 1952):

> "The right of cross-examination is fundamental, but the failure to exercise that right does not necessarily show ineffective representation. It is well known that cross-examination may hurt more than help. The decision to cross-examine or not to cross-examine is a matter of trial tactics involving many factors rarely appearing of record. We cannot rule that failure to cross-examine conclusively demonstrates ineffective representation of appellant."

We see no basis in the record for disturbing the finding of the court that counsel "exercised proper professional judgment in not cross-examining Miss Harvey."

As to witness Ott the court found that after a vigorous cross-examination by Bousley's attorney, the "identity of the respondent given on direct examination was unshaken and positive."

Appellant next contends his counsel refused to let him testify in his own behalf. The court found the matter of calling the respondent to the stand in his own defense was discussed prior to trial and counsel felt it inadvisable based on the facts discovered by his pre-trial investigation.

The respondent had a criminal (felony) record, he was positively identified by witness Ott as the person who passed the forged check at the Danby store, and Miss Harvey's testimony was convincing proof that Bousley was involved with the check which had been stolen, forged and cashed at the store. There was no reasonable possibility that any testimony given by Bousley of his innocence would have had such a convincing ring to it with the jury that their verdict would have resulted in an acquittal. In this posture of the evidence, it would appear that for the respondent not to testify was a proper exercise of professional opinion and judgment. Although this was also a matter of trial tactics, the appellant

failed in his burden of proof. See *Hall* v. *Warden of Maryland Penitentiary*, 224 Md. 662, 168 A.2d 373 (1961); *Washington* v. *Turner*, 17 Utah2d 361, 412 P.2d 449 (1966).

But even a trial tactic, which in retrospect appears to have been erroneous, does not compel a conclusion that counsel was inadequate. *Montgomery* v. *State*, 288 A.2d 628, 636–37 (Ct.App.Md. 1972), and cases there cited.

The appellant faults his counsel because he made no motion for a directed verdict but he fails to state any grounds upon which it could have been successful. His complaint is devoid of a factual basis. A motion for a directed verdict of innocence in the face of the evidence presented to the jury could not have been ruled on favorably, even if made as Bousley claims it should have been. The findings state that the professional judgment of defense counsel was in focus at the close of the State's case and was properly exercised under the facts in evidence.

A further complaint is that at the close of the State's case Bousley's attorney failed to present a defense by way of witnesses or evidence. He neither names witnesses who could have testified in aid of his defense nor points out a scintilla of evidence which was available and not utilized by his attorney. The court so found. This contention is without merit.

The final argument of the appellant deals with a question of fact. The appellant alleges that when questioned about an appeal, his attorney said, "We can appeal anytime." He also alleges that he specifically requested his attorney to appeal. His attorney denied both allegations. The court chose to believe the attorney rather than the appellant and found that counsel did not at any time by his words or conduct prevent respondent from taking an appeal. The findings as to lack of an appeal are without error.

It can only be concluded that appellant was satisfied with the conduct of his attorney since the record is barren of any suggestion of complaint by Bousley to the court before, during or after trial until he brought this proceeding. He was asked by the court in allocution whether he had anything to say before sentence was imposed and he replied, "No." Fur-

thermore, on cross-examination by the state's attorney, Bousley testified regarding his attorney: "I was dissatisfied with him after the trial and that made me more dissatisfied after you made a deal through Mr. Howe and didn't keep it." Bousley said he became dissatisfied when he learned that the grand jury had returned a habitual indictment against him. He was also indicted for burglary. This occurred on May 7, 1970, over three months after his trial on January 20, 1970. And the court found that no claim of inadequate representation was made until after the indictments were returned. From this it must follow that Bousley is retroactively assessing the quality of his counsel's trial representation against his present feeling as to what he thinks might have been better strategy or conduct. However, the rights of the appellant do not extend to the absolute privilege of doing so. *Com. ex rel. LaRue* v. *Rundle,* 417 Pa. 383, 207 A.2d 829 (1965).

 Court on appeal is bound to confirm the determinations of fact unless, as a matter of law, they are unsupportable. *Villeneuve* v. *Commr. of Taxes,* 128 Vt. 356, 357, 264 A.2d 774 (1970).

We have carefully perused the whole record and we find absolutely no merit in petitioner's accusations. There is nothing in the record to indicate that the conduct of petitioner's defense was in any degree less than the conduct expected from a lawyer with the skill, training and experience of Bousley's counsel.

The record as a whole satisfies us that the petitioner had a fair and impartial trial upon the merits, that he was properly represented by competent counsel at all times and that the jury returned a proper verdict.

The judgment of the trial court is supported by the findings and is without error. *Nat'l Grange Mutual* v. *Churchill,* 126 Vt. 428, 432, 234 A.2d 334 (1967).

*Judgment affirmed.*