### In re Paul McGrail

[296 A.2d 213]

No. 193-71

Present: Shangraw, C.J., Barney, Smith and Daley, JJ. and Gibson, Supr. J.

Opinion Filed October 3, 1972

*Glover & Fink,* Ludlow, for Plaintiff.

*James M. Jeffords,* Attorney General, and *H. Russell Morss, Jr.,* Assistant Attorney General, for Defendant.

**Shangraw, C.J.** This appeal involves the ruling of the Orange County Court denying relief to the petitioner-appellant upon his application for post-sentence review pursuant to the provisions of 13 V.S.A. §§ 7131 and 7132.

The petitioner was arraigned before the District Court of Vermont, Unit No. 5, Orange Circuit, on the 8th day of March, 1971, and entered a plea of not guilty to an information charging him with possession of counterfeit monies in violation of 13 V.S.A. § 1804. At the time of his arraignment the petitioner was also before the District Court of Vermont, Unit No. 5, Orange Circuit, having been arraigned in September, 1970, on an information charging him with burglary in the nighttime, to which information the petitioner had pled not guilty.

On April 12, 1971, the petitioner entered pleas of guilty to the above charges. On the charge of possession of counterfeit monies he was sentenced to serve not less than two (2) years nor more than four (4) years at the State's Prison. On the charge of breaking and entering in the nighttime, petitioner was sentenced to serve not less than one (1) year nor more than three (3) years at the State's Prison; both sentences to run concurrently.

Just prior to the time the petitioner entered his pleas of guilty to the above-mentioned charges, the State's Attorney for Orange County promised petitioner's attorney that he would recommend to the court at the time of sentencing that petitioner be sentenced to serve on each particular offense concurrent sentences of not more than seven (7) years without a minimum sentence. This arrangement was conveyed to the petitioner by his attorney. The petitioner fully understood that the sentencing judge would not be bound by any recommendation of the State's Attorney.

At the time of sentencing on May 24, 1971, following a presentence investigation, the State's Attorney did not recommend

to the court concurrent sentences on each charge of not more than seven (7) years without a minimum; instead, he said:

"The State intends to show through its statements here merely that this case involves criminal activity beyond what we normally run into. This coupled with the boy's record would indicate not a light sentence should be imposed in this particular offense. The State really doesn't know what to recommend for a sentence in this case except that I don't believe a rehabilitative program will be of any substantial benefit."

In response to the State's Attorney, the petitioner's attorney had this to say:

"I am surprised and stunned Your Honor and have in mind that we should probably be considering withdrawing our pleas. The respondent and myself were here sometime ago on the basis of conversations with the State's Attorney suggesting that he was going to make a certain recommendation which he has not made and which I believe is fatal in regards to these entire proceedings. . . ."

The petitioner did not ask permission to withdraw his pleas of guilty.

The foregoing facts and series of events are substantially as set forth in the findings of fact made by the court following the hearing on petitioner's petition to vacate the sentences and for such further relief as may appear just.

Leading up to the denial by the court to vacate the sentences in question, the court, by way of a conclusion to the findings of fact in part stated:

"At the outset, this Court is concerned over the failure of an Officer of this Court to keep his word. This petition would not be before us except for this unnecessary circumstance. The issue for this Court to decide is whether the Respondent was unduly prejudiced to the point that he is entitled to have his sentence vacated because of the failure of the State's Attorney to make the promised recommendation."

The court continued by stating that the failure of the State's Attorney to make the agreed recommendation did not render the respondent's change of pleas "tainted and involuntary or unfairly induced."

In support of the foregoing quoted conclusion the court went on to state that the sentencing court was not bound by any recommendation of the State's Attorney, and had he complied with the promised recommendation it was unlikely that it would have been followed by the sentencing court. Further, the promised recommendation did not carry with it a suspended sentence or leniency. The court continued by stating that, "while in theory, a sentence of zero (0) to seven (7) years to the State's Prison would allow the Parole Board to grant an immediate parole to the Respondent; in practice, it is extremely unlikely." By way of conclusion the court added: "In the final analysis, the Respondent has little reason to complain; after all, the maximum sentence imposed was three (3) years less than the so-called promised recommendation."

In this case had the State's Attorney followed through with his promised recommendation, and had the court imposed sentences without a minimum, the time within which the petitioner would have been eligible for parole could have been shortened. This, as revealed by the transcript, was of importance to the petitioner which he referred to as a "zip sentence." Except for the recommendation promised by the prosecuting officer, petitioner testified on direct examination,—"I would not have pled guilty."

It is well accepted that if a plea is unfairly obtained through ignorance, fear or misunderstanding it is open to collateral attack. *In Re Lamphere*, 127 Vt. 604, 607, 256 A.2d 29 (1969), citing *Machibroda* v. *United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, 478 (1962); *In re Newton*, 125 Vt. 453, 459, 218 A.2d 394 (1966).

A sentence based on a guilty plea that was induced by reliance on an unfulfilled prosecution promise is void. *United States* v. *Paglia*, 190 F.2d 445, 448 (2d Cir. 1951), overruled on other grounds; *United States* v. *Taylor*, 217 F.2d 397 (2d Cir. 1954); *United States* v. *McCarthy*, 433 F.2d 591, 592 (1st Cir. 1970).

In the recent case of *Santobello* v. *New York*, 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495, decided December 20, 1971;

the Court accorded official recognition and sanction to "plea bargaining" and therein admonished prosecuting attorneys by stating:

> ". . . a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

In the case here considered, the sentencing court stated that any recommendations made by the prosecuting attorney would not have any binding effect on the court. Nevertheless, as Judge Learned Hand stated in *United States* v. *Paglia, supra,* 190 F.2d at 447, "We all know that, although a judge is not bound to accept recommendations, he is extremely likely to be influenced by them."

We emphasize that this is in no sense to question the fairness of the sentencing court.

*The sentences are vacated and the causes remanded with leave granted petitioner to withdraw his pleas of guilty if he be so advised.*