## Robert E. Magoon v. Robert G. Smith, Warden

[298 A.2d 820]

No. 181-71

Present: Barney, Smith and Keyser, JJ., and Larrow and Underwood, Supr. JJ.

Opinion Filed December 5, 1972

*Frederick M. Niland, Esq.,* White River Junction, for Plaintiff.

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for Defendant.

**Smith, J.** On May 13, 1953, Robert E. Magoon entered a plea of guilty to murder in the second degree in the Windham County Court. Judgment was entered and a mandatory sentence of life imprisonment was imposed. On March 25, 1971, the plaintiff filed a petition for writ of *habeas corpus* in the

Windsor County Court. On November 11, 1971, this petition, after hearing, was denied and the plaintiff has appealed here.

It was conceded before this Court at the time of hearing on the appeal that the plaintiff was no longer confined in the Vermont State Prison, he being now released on parole. Consequently he is no longer in the custody of Warden Smith and *habeas corpus* does not lie against such officer at this state of the proceedings.

However, because he is in at least technical custody under sentence of a court, we will treat the matter as if the plaintiff had brought his petition under the postconviction relief statute, which is, substantively, a special statutory remedy in the nature of *habeas corpus,* applicable to those "in custody under sentence of a court." *In Re Clark,* 127 Vt. 555, 557, 255 A.2d 178 (1969).

The first question presented by the plaintiff is:

> Was the defendant criminally responsible for the killing of Rosamund Burrington to the extent that he was guilty of murder in the second degree beyond a reasonable doubt?

The second question is:

> Did the defendant have the benefit of effective assistance of counsel prior to and at the time when he entered a plea of guilty under advice of counsel to the amended charge of murder in the second degree on May 13, 1953, a capital offense?

The plaintiff was indicted for first degree murder by a Grand Jury in Windham County on April 14, 1953. He was immediately assigned counsel by the Windham County Court, and entered pleas of not guilty, not guilty by reason of insanity and not guilty by reason of temporary aberration upon arraignment. The plaintiff underwent psychiatric examination by physicians at the State Hospital at Waterbury, as well as by a psychiatrist of his own choice. On May 13, 1953, the plaintiff withdrew his previous pleas to the indictment and entered a plea of guilty to murder in the second degree. Judgment of guilty was entered upon the plea and a manda-

tory sentence of life imprisonment was imposed. The plaintiff was nineteen years of age at that time.

The plaintiff testified in the *habeas corpus* hearing below that his attorney entered the plea of guilty for him, that he was not allowed to speak or enter his own plea, and that he was assured by his attorney that he would be given a sentence of twenty-five years. The lower court found such evidence unbelievable, in view of the fact that the transcript of the plea and sentencing showed to the contrary. Such transcript shows that the plaintiff entered his own plea to second degree murder, that he was fully informed of the sentence which he would receive as a result of such plea by the trial court, and had so been previously informed by his attorney. Prior to the entry of the plea of guilty an extensive presentation was made to the trial court relative to the background of the plaintiff, the proof which the State had in its possession relative to the murder, as well as the varied opinions of the psychiatrists who had examined the plaintiff.

The first question presented by the plaintiff, in effect, asks that the question of his guilt or innocence be determined on his petition for *habeas corpus*. Up until the time of bringing his petition for *habeas corpus*, in March of 1971, the plaintiff had made no move to expunge his plea of guilty, to vacate his sentence, or to ask for a new trial. The question of sufficiency of evidence to sustain a conviction, as well as like grounds appropriate to an appeal, are not grounds for the issuance of a writ of *habeas corpus*. *Habeas corpus* is not a proceeding for examining into the guilt or innocence of the petitioner. *In Re Chester F. Norse,* 125 Vt. 460, 461, 218 A.2d 456 (1966). Postconviction proceedings, in substance a special statutory remedy in the nature of *habeas corpus* proceedings, are also not proceedings to inquire into the guilt or innocence of a petitioner.

The real question presented by the plaintiff here is whether or not he had the effective assistance of counsel prior to and at the time when he entered a plea of guilty to the amended charge of second degree murder.

■■ A plaintiff in an action for postconviction relief is bound by his plea unless he can prove serious dereliction on the part of counsel to show that his plea was not a knowing and intelligent act. *State* v. *Bartlett*, 128 Vt. 618, 625, 270 A.2d 168 (1970).

> "Whenever the court in good faith appoints or accepts the appearance of a member of the bar in good standing to represent a defendant the presumption is that such counsel is competent, otherwise he would not be in good standing at the bar and accepted by the court. The Constitution requirements have been met as to the necessity of counsel . . . . Unless the record as a whole demonstrates the representation is so rife with shortcomings and of such low caliber as to amount to no representation, judgment of conviction on a plea of guilty will not be vitiated on the claim of inadequate counsel." *In Re Murphy*, 125 Vt. 272, 274, 214 A.2d 317 (1965). (Citations omitted.)

The record before us indicates that the counsel, whose competency is here challenged, is now deceased.

The argument of the plaintiff relative to his claim that he was denied effective representation is seemingly based upon the fact that at the time of his plea the psychiatric evidence was in conflict as to his sanity at the time of the killing of which he stood accused. No claim is made that he was mentally unsound when he made his plea. Plaintiff argues that such evidence would have inevitably resulted in his having been acquitted on the charge of murder in the first degree, which the State at that time admitted, and that had his counsel advised him to go to trial he might have been found not guilty by reason of insanity. But, as we have already pointed out, the matter of the plaintiff's guilt or innocence cannot be reviewed in this proceeding. The question before us is whether or not he received effective legal representation.

Plaintiff was nineteen at the time he entered his plea of guilty to murder in the second degree, and under the law prevailing in 1953, was a minor. But there was no requirement at that time that a guardian *ad litem* be appointed for

him. However, the record of the 1953 proceedings shows clearly that he consulted with his mother and another member of his family, as well as with his attorney, and with all of them, before making his plea.

The record also shows that the presiding judge at the time was fully aware of the possible psychiatric testimony before accepting the plea of the plaintiff, and was fully informed in open court by both counsel for the plaintiff, as well as counsel for the State, of all the circumstances of the case, as well as of the evidence that would be produced. Counsel for the plaintiff, as the record shows, had conferred with all the possible witnesses who would have been produced if the case had been tried, and in open court gave a full account of the background of the plaintiff, including, as well, the time and effort he had undertaken in the plaintiff's behalf. We also note that the record shows that the presiding judge commended the attorney for the plaintiff for his work in his client's behalf.

The record before us, as well as the findings of fact, do not demonstrate that the representation of counsel by his court appointed attorney was so rife with shortcomings and of such low caliber as to amount to no representation. *State v. Murphy, supra.*

We agree with the finding of the lower court on the petition for *habeas corpus* that the plaintiff received the effective aid and assistance of competent counsel.

*Judgment affirmed.*