## State of Vermont v. Daniel Bruley

[306 A.2d 672]

No. 38-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

*Patrick J. Leahy*, State's Attorney, and *Paul D. Jarvis*, Deputy State's Attorney, for the State.

*Robert Edward West*, Defender General, and *George E. Rice, Jr.*, Deputy Defender General, for Defendant.

**Barney, J.** This is an appeal from a conviction for breach of the peace by an assault on a deputy sheriff at the Burlington Correctional Center in 1971. The only issue presented relates to the furnishing of counsel to the respondent as an indigent.

This appeal was conducted on behalf of the respondent by the office of the defender general. At trial he was represented by a competent attorney experienced in criminal law practice. This was his third assigned counsel in this case, both of the others being likewise experienced and competent.

His objection to this third counsel came at the time of empanelling of the jury. At that time the trial court refused to make another change in assigned counsel, and stated there would be no new counsel unless respondent wished to hire one of his own choosing, or represent himself. See *State v. Polidor*, 130 Vt. 34, 39–40, 285 A.2d 770 (1971). The court went on to say that in the event the respondent undertook to represent himself, his assigned counsel would be at hand at all times to assist him. The matter then went to trial with this same counsel representing him without further objection on the part of the respondent.

The dissatisfaction expressed by the respondent at the time of the jury drawing was that he wanted "a specific counsel" who was never named. The record makes it clear that it was the right to select his own counsel that the respondent was contending for by his objections. When it became apparent that the trial court was not inclined to again change counsel, the respondent then stated he could not establish any rapport with the counsel he had. He went on to say that this had also been true with respect to his previous counsel. The difficulty seemed to center on the respondent's willingness to have any incompetency or insanity defense explored by his attorney, or advanced on his behalf, although he had undergone psychiatric examination as recently as 1970. No such defense was presented at trial. No claim of any kind is made that there was any shortage in his counsel's ability, or any assertion that conviction came about on account of any shortcoming, oversight or deficiency in the performance of his assigned counsel.

The advent of the office of public defender has now altered the manner of representing indigents in criminal matters. Resort to outside practitioners will now be substantially reduced. However, even when all defense of indigents was provided by assigned counsel, selection rested in the trial court and was not a matter of the respondent's choice. Although free to honor that choice where possible and practical, the court's duty was to provide the respondent with competent counsel of sufficient ability and experience to fairly represent the respondent, to present his defense, and to protect his rights. *State* v. *Rushford,* 127 Vt. 105, 109, 241 A.2d 306 (1965).

The record on appeal shows no deficiencies in any of these particulars in the counsel that conducted his defense at trial, nor, indeed, any claim of any such shortage. If the alleged "lack of rapport" had any effect of any kind on the effective presentation of the defense, it was not evidenced anywhere in the record, and the respondent has not demonstrated it here. *In re Murphy,* 125 Vt. 272, 274, 214 A.2d 317 (1965).

*Judgment affirmed.*