# In re Richard J. Cronin

[336 A.2d 164]

No. 13–73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Gregory A. McKenzie,* Deputy Defender General and *Robert Edward West,* Defender General, Montpelier, for Plaintiff.

*John S. Liccardi,* State's Attorney, Rutland, for Defendant.

**Larrow, J.** This is an appeal from denial of post conviction relief sought under 13 V.S.A. § 7131 *et seq.* The substance of appellant's claim below was that a plea of nolo contendere entered by him in the District Court of Vermont, Unit No. 1, Rutland Circuit, was induced by promises and misrepresentations of his assigned attorney, and done without the benefit of effective counsel. The plea was to a charge of armed assault, reduced from a charge of armed assault with intent to kill or maim. A 3–5 year sentence was imposed. Appellant here claims, in brief, that the trial court did not apply correct legal standards in determining whether his plea was unfairly induced, and erred in finding he had been afforded the effective assistance of counsel.

A long summary of facts is not required for disposition. Appellant, who was 17 at the time of the plea in question, had his father as guardian ad litem, his mother also in attendance and participating, and assigned counsel of his selection. His claim was that he entered his plea in reliance upon statements of his counsel that he would be eligible for parole in six months, or that, because of counsel's political influence with the then governor, a pardon might be secured. He also claimed that counsel's impatience with his case and his disregard for his rights, coupled with these statements, required a finding of incompetency by the reviewing court, under any applicable standard.

In summary, the reviewing court found the attorney to be in good standing. It found that there had been several discussions about probation, parole and pardon, but that no promise had been made by the attorney as to any of these matters. It found, by way of conclusion, that no promises or misrepresentations had been made to the appellant, and that he was represented by effective and competent counsel. Post conviction relief was denied.

As appellant asserts, substantial questions of law are involved in this appeal. He briefs these questions ably and extensively; the State somewhat perfunctorily relies upon the presumption of counsel's competency outlined in general terms in *In re Murphy*, 125 Vt. 272, 214 A.2d 317 (1965), and in *State* v. *Rushford*, 127 Vt. 105, 241 A.2d 306 (1968). It argues the passage of time, prejudice to the state, a reliance by the

state upon the appellant's oral and written waiver of further proceedings, and the failure of the appellant to establish that representations were in fact made to him. These claims have some weight, but they are not in our judgment controlling, nor are they dispositive of the case here presented. In our view, the findings below are not either particular enough or definitive enough to permit final disposition here. A remand is required for new hearing and findings adequate to dispose of the legal issues involved.

Consistent with the testimony of counsel, the court found that there were no promises or misrepresentations as to prospects of pardon. This finding must be sustained, as supported by the evidence. *Lane Construction Co.* v. *State*, 128 Vt. 421, 265 A.2d 441 (1970). But the findings are silent as to admitted conversations on the subject, the content of those conversations, admitted discussions of political activity that would not otherwise be relevant, and what, if any, reliance might reasonably have been placed by appellant in the prospects of pardon. Similarly, too, the findings are silent about the activities of counsel in the trial court, including attempts to waive the procedures usually attendant upon the taking of an inculpatory plea, even though these matters were of record and undisputed. They overlook completely the attorney's claim of lost records, and his admission of failure to answer repeated letters from appellant while in prison. All of these matters, in our view, have material bearing on the points in issue, and their total absence from the factual findings requires a remand.

A possible course of action open to us would be to defer resolution of those issues pending further factual hearing. But implicit in the remand for such hearing is a holding that these matters, not now found, are material for disposition. If they were not, remand would not be required.

■■ As noted, the court below found that no promises or misrepresentations were made. But we concur with appellant that this is not the crucial point. An explicit promise is not required in order for a plea to be considered involuntary. A misunderstanding, if reasonable, that statements are a promise or representation may be sufficient to vacate a conviction based on plea. *Machibroda* v. *United States*, 368 U.S. 487 (1962) ;

*In re McGrail*, 130 Vt. 492, 296 A.2d 213 (1972). If a defendant changes his plea in full reliance upon an understanding, entertained rightly or wrongly, but reasonably and in good faith, the change of plea is involuntary if the understanding proves to have been wrong. *In re Newton*, 125 Vt. 453, 458, 218 A.2d 394 (1966). The finding that no promises or misrepresentations were actually made should not be conclusive.

> If the defendant had that bona fide belief [of receiving probation or suspended sentence] in his mind and if that belief was a controlling factor in causing him to enter a plea of guilty, the court has to take that belief into consideration, irrespective of the kind of information upon which it was founded.

*United States* v. *Lias*, 173 F.2d 685, 687 (4th Cir. 1949); *accord, Lester* v. *United States*, 247 F.2d 496 (2d Cir. 1957). A strong factor for consideration is the age of the appellant at the time he changed his plea. Admittedly, he was then 17, a fact neither found nor considered by the trial court. And this fact becomes particularly relevant in considering the effect of the form statement of voluntariness executed by him, and his responses to the inquiries of the court in this connection at time of sentence. Such inquiries did not include the determination of the factual basis for the plea now required by V.R.Cr.P.11(f), but that rule was not then in effect. Appellant testified that he thought "he was all set and saying anything would ruin whatever had [been] done." If believed, that statement could destroy the evidentiary effect of his signed and oral statements, in accordance with the holding in *Christy* v. *United States*, 437 F.2d 54 (9th Cir. 1971):

> The fact that on entering his plea appellant had assured the Court that no one had promised him anything is not conclusive. As this Court noted in *United States* v. *Tweedy*, 419 F.2d 192 (9th Cir. 1969), he might have thought "that it was all part of the game and that honest answers would destroy the deal." *Christy, supra,* 437 F.2d at 55.

The application of this rule could well be strengthened by the efforts of his counsel, shown by the transcript though not

found by the trial court, to have the plea accepted without the "formalities" of inquiry by the sentencing court, on his representation that "this young man understands his rights to a jury trial and other rights." The sentencing court, to its credit, nonetheless made full inquiry of the respondent, but confusion, misunderstanding, and consequent involuntariness could well have been found by the trial court, had it not elected to confine itself to the issue of whether promises or misrepresentations were in fact made. Remand is required for the finding of all relevant facts and the granting or denial of relief on the basis of such findings.

The importance of full inquiry into the voluntariness of appellant's nolo plea is emphasized by DR 9–101 (C) of the A.B.A. Code of Professional Responsibility:

> (C) A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official.

Appellant further contends that in the District Court he was deprived of the effective assistance of counsel, contrary to the provisions of the sixth amendment to the U.S. Constitution. He urges that the reviewing court did not apply the proper standard in testing this contention, and that, whatever standard is applied, his representation did not meet it.

This general subject has received the attention of this Court in the past. *In re Murphy, supra; State* v. *Rushford, supra; In re Bousley,* 130 Vt. 296, 292 A.2d 249 (1972). Both *Murphy* and *Rushford* enunciate, with seeming approval, the so-called "mockery of justice" standard. Under that standard, to set aside a conviction for inadequacy of counsel, the record as a whole must demonstrate a representation "so rife with shortcomings and of such low caliber as to amount to no representation." Still, while quoting this standard, in each case the Court went on to examine in detail the conduct of the attorney in question, and based its ultimate judgment on its analysis of that conduct. Thus in *Bousley,* where, as here, respondent selected his assigned counsel, the Court concluded:

> We have carefully perused the whole record and we find absolutely no merit in petitioner's accusations. There is nothing in the record to indicate that the conduct of

petitioner's defense was in any degree less than the conduct expected from a lawyer with the skill, training and experience of Bousley's counsel.

*In re Bousley, supra,* 130 Vt. at 304.

We have, therefore, while expressing the lesser standard of "mockery of justice," at the same time carefully reviewed the complained-of conduct to test its conformity with the standards of reasonable competence, thus justifying our own comment that there is "neither uniformity of discussion nor certainty" on the point in question. *Id.* at 299.

The reported cases contain many able discussions as to the appropriate standard to be applied where inadequacy of counsel is the claimed defect in a criminal conviction. A lengthy summation of these arguments would serve little purpose. It would appear, however, that two aspects of representation require consideration, the first his appointment and the second his conduct of the litigation. As to the first aspect, we reiterate our previous statements that there is a presumption of competency attendant upon the appointment of a member of the bar in good standing, and that the burden is on the respondent to overcome this presumption by a preponderance of the evidence. *In re Murphy, supra; In re Bousley, supra; In re Clark,* 127 Vt. 555, 255 A.2d 178 (1969).

On the second aspect, we feel that the modern weight of authority, and the better view, support appellant's contention. The appointment, or acceptance, of competent counsel by the court does not fully satisfy the constitutional rights of a respondent. As a matter of common knowledge, the most competent counsel may, from time to time, deviate seriously from standards of reasonable competence, and it is no complete answer to say to a respondent that his attorney has demonstrated great proficiency in other cases. His concern is his own case; his right is to the assistance of counsel acting with reasonable competence in his case.

We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* rea-

sonably effective assistance. *MacKenna* v. *Ellis,* 280 F.2d 592, 599 (5th Cir. 1960), *cert. denied,* 368 U.S. 877 (1961).

The standard of adequacy of legal services as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place. *Moore* v. *United States,* 432 F.2d 730, 736 (3rd Cir. 1970) ; *accord, West* v. *Louisiana,* 478 F.2d 1026 (5th Cir. 1973); *United States* v. *DeCoster,* 487 F.2d 1197 (D.C. Cir. 1973) ; *Brubaker* v. *Dickson,* 310 F.2d 30 (7th Cir. 1962) ; *Pinedo* v. *United States,* 347 F.2d 142 (9th Cir. 1965) ; *State* v. *Fleury,* 111 N.H. 294, 282 A.2d 873 (1971).

We note that the view which we here adopt appears to have the endorsement of the U.S. Supreme Court. In *McMann* v. *Richardson,* 397 U.S. 759 (1970) at 770–71, that Court held:

In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases. On the one hand, uncertainty is inherent in predicting court decisions; but on the other hand defendants facing felony charges are entitled to the effective assistance of competent counsel.

It is apparent from the record below that the reviewing court considered only whether promises or misrepresentations were in fact made to appellant by his counsel, and the competency of counsel generally, rather than his effectiveness in the particular case. For the reasons we have outlined, these considerations alone do not determine the voluntary or involuntary character of the plea which appellant entered, and a remand for new hearing is required.

*Judgment reversed, and cause remanded for new hearing in accordance with the views herein expressed.*

**Barney, C.J.** (Concurring) I agree with the opinion filed in this case that there must be a remand for further findings. I further agree that the sole issue is the voluntariness of the appellant's plea of guilty.

It seems to me the gist of the appellant's complaint to the Court is that he changed his plea to guilty on the basis of misrepresentation by his attorney, whether intended or unintended. Unlike *In re Newton*, 125 Vt. 453, 218 A.2d 394 (1966), the misrepresentation could not come to light prior to, or during the sentencing process, as far as the appellant was concerned. Nor was it a plea bargain, or a transaction of which the sentencing court was aware, or in which it was involved.

Furthermore, the opinion filed seems to suggest in fact that the finding of no misrepresentation made below may be based, improperly, on an inadequate consideration of the record, and therefore, in reality, subject to challenge as contrary to the evidence. It is my agreement with this evaluation that leads me to concur.

I am not at all certain that I can accept generally the proposition that a subjective, but reasonable misunderstanding, if established, guarantees retrial. This is a proposition of broad sweep, and I would prefer to examine its implications in the light of a more complete exposition of the facts.

The misunderstanding asserted here springs from actions of defense counsel. From the facts I cannot determine whether the issue arises out of claims of incompetence, misconduct or misunderstanding. If the result is a due process deprivation for the appellant, the distinction, as to him, would seem to be of little moment. Thus, I am not sure whether this is the sort of case that will, when the time comes, perform a definitive function in establishing tests for competency of counsel.