**Ellen R. Hughes v. Stephen L. Klein, Esq.**

[427 A.2d 353]

No. 137-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Ellen R. Hughes,* pro se, Lynn, Massachusetts, Plaintiff.

*Stephen L. Klein,* pro se, Rutland, Defendant.

**Per Curiam.** Plaintiff appeals from a small claims action in which she alleged that the defendant, while acting as her attorney in a divorce action, breached professional standards and consequently caused monetary damages.

During the course of the domestic relations action, plaintiff's then-husband came to plaintiff's residence and requested

that she relinquish his personal bank statements and checks as well as monthly statements and checks relating to an account jointly held by them so he could turn them over to his attorney. Plaintiff consulted defendant and was advised that she should release the documents.

The documents were never returned, and plaintiff subsequently spent $48.75 obtaining photocopies of certain checks she had surrendered. She filed suit against defendant, claiming he abrogated his responsibilities as an attorney by advising her to relinquish possession of original documents relating to future litigation. In concluding that the defendant did not breach his professional service contract, the trial court found defendant's advice to be consistent with community standards.

██ The standard for legal services, as in other professions, is the exercise of the customary skill and knowledge which normally prevails at the time and place. See *In re Cronin*, 133 Vt. 234, 240, 336 A.2d 164, 168 (1975). Whether defendant's advice was consistent with local standards is a question of fact. We will not set aside a finding of fact unless clearly erroneous, recognizing the trial court's opportunity to judge the credibility of witnesses and evidence. V.R.C.P. 52(a). A search of the record discloses evidence which, taken in the light most favorable to the defendant, supports the finding. This is sufficient to satisfy the requirements of V.R.C.P. 52(a). *Monti* v. *Town of Northfield*, 135 Vt. 97, 101–02, 369 A.2d 1373, 1377 (1977).

*Judgment affirmed.*