## State of Vermont v. Michael L. Trombley

[388 A.2d 433]

No. 246-75

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 29, 1978

334

*Gregory W. McNaughton,* Washington County State's Attorney, Montpelier, for Plaintiff.

*William W. P. Dibbern,* Barre, for Defendant.

**Per Curiam.** This is a conviction for a fish and game violation in which the only claim of error relates to the charge to the jury. That jury convicted the defendant of possession of a wild deer taken in closed season, in violation of 10 V.S.A. § 4781.

According to an agreed statement filed with us in lieu of a full transcript, the prosecution was based on a surveillance carried out by two game wardens watching deer in a field on a cold November night near midnight. A car with a distinctive taillight pattern approached the field by road. There was a single shot. The wardens went to the location cautiously expecting the shooter might be present. The car was gone. A search of the field disclosed a shot doe, obscured by its location and the ground cover. The wardens waited two more hours and the same taillight pattern appeared. No other cars passed up or down the road. The vehicle stopped and the passenger left the car, went into the field directly to the dead deer, took out a flashlight, lighted it and shone it on the deer's head. He then turned his flashlight off and ran back to the car. The wardens pursued and stopped the vehicle. The passenger was the brother of this defendant, who was driving the vehicle. There was a rifle with a scope attached in the car and an empty cartridge in the glove compartment. The tire tracks of the car matched those of the vehicle from which the shot had been fired.

Both brothers were separately prosecuted. The State charged the defendant as a principal on the theory that this was a joint enterprise. This theory was reflected in the court's charge and represents the law on the subject as set out in *State* v. *Ballou*, 127 Vt. 1, 6–7, 238 A.2d 658 (1968).

The defendant requested that the court instruct the jury that they must find that the defendant "shot and killed the deer in closed season, or had knowledge of it before they can find the defendant guilty of possession in closed season, since the defendant was found with his brother, who was actually touching and looking at the deer several hours after it had been shot and the wardens did not see them shoot it." The point that the defendant seems to be making is correct under the statute, 10 V.S.A. § 4781, that the offense is of two parts: (1) possession, which under *State* v. *Ballou, supra,* may be the possession by a co-conspirator; and (2) involve a deer illegally taken, as in closed season.

The trial court charged on the subject twice, since the jury returned for additional instructions. On each occasion the judge charged that to convict, the jury had to find that the defendant had knowledge that a deer was to be taken illegally, or that if they found that the defendant was aiding or assisting in any way and had knowledge that it was an illegal deer and that that was the purpose that they were there, the defendant need not personally have killed the deer or taken hold of it. Again, this is all not only consistent with *State* v. *Ballou, supra,* 127 Vt. 1, 238 A.2d 658 (1968), but also substantively fulfills the very request to charge made by the defendant. The Court finds no error here.

Our holding is not to be construed as bearing upon the sufficiency of the evidence below to sustain the conviction. We could pass upon that only under the plain error rule of V.R. Cr.P. 52(b) and *State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142 (1969), because the point was not briefed here, although raised by motion below. But, beyond the charge itself, we have been supplied with no transcript. The agreed statement of facts furnished us here we would expect, in all probability, to be not a recital of all the evidence adduced at trial, but only of so much of it as was required to test the jury instruction, the only issue raised on appeal. In view of our obligation

to view the matter most favorably to the judgment below, and in the absence of a full transcript, application of the plain error rule is not feasible. The totality of the evidence, which we would have to measure, is not before us.

*Judgment affirmed.*