STATE OF NEBRASKA, APPELLEE, V.
OTIS L. ROGERS, APPELLANT.

303 N.W.2d 788

Filed March 27, 1981. No. 43691.

Lynn R. Carey, Jr., for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Otis Rogers (Rogers), appeals from a verdict entered by a jury finding Rogers guilty of two counts of burglary. Rogers maintains that the trial court committed reversible error in allowing Rogers to waive counsel without determining said waiver to have been intelligently made. We believe that the assignment is without merit and affirm the judgment of the trial court.

The record discloses that counsel had been previously appointed for Rogers but was granted leave to withdraw on March 17, 1980, and new counsel was then appointed. The case was called to trial on April 7, 1980. At that time Rogers indicated to the trial court his desire for a privately selected attorney, his dissatisfaction with appointed counsel, and his refusal to accept court-

appointed counsel. The privately selected counsel sought by Rogers was apparently never employed by Rogers and did not appear at trial. The trial court permitted the second court-appointed counsel to withdraw at Rogers' request, but ordered him to remain in the courtroom for the purpose of assisting Rogers whenever such assistance was required. The record further discloses that, in fact, court-appointed counsel did assist Rogers in certain aspects of the trial, including aiding by securing the presence of witnesses requested by Rogers. Rogers maintains that because he was a 72-year-old cantankerous individual who refused to accept or get along with two previously appointed lawyers, the court should not have permitted him to go to trial without counsel. While the brief raises the question of whether Rogers was competent to stand trial, counsel for Rogers, at the time of oral argument before this court, conceded that Rogers was not incompetent to stand trial but only incompetent to make a voluntary waiver of counsel. Furthermore, the record does not support a claim that Rogers was incompetent to stand trial but, in fact, was competent. See *State v. Guatney*, 207 Neb. 501, 299 N.W.2d 538 (1980).

The record further does not support the claims made by Rogers even as to his inability to knowingly and intelligently waive counsel. It is true, indeed, that Rogers was 72 years of age and his behavior would disclose that he was cantankerous. The balance of the claims made by Rogers as to his mental condition rendering him unable to make an intelligent or knowing waiver of counsel are wholly unsupported in the record. An examination conducted by the State following the jury verdict and prior to sentencing indicated that, due to acute alcoholism, Rogers did suffer from some organic brain damage manifested by impaired judgment and impaired emotional stability. He did, however, know who he was and where he was and what he was generally doing. The general rule is that an accused may waive his right to counsel where such waiver is made intel-

ligently and understandingly, with knowledge of the right to counsel. *State v. Morford,* 192 Neb. 412, 222 N.W.2d 117 (1974). The defendant has the burden of proving nonwaiver and he must show by a preponderance of the evidence that he did not intelligently and understandingly waive that right. See, *North Carolina v. Butler,* 441 U.S. 369, 99 S. Ct. 1755, 60 L. Ed. 2d 286 (1979); *Moore v. Michigan,* 355 U.S. 155, 78 S. Ct. 191, 2 L. Ed. 2d 167 (1957); *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). One may insist upon representing himself no matter how foolhardy that decision is, if made knowingly and intelligently; and once that decision is made, the individual making that choice must accept the consequences of his election. See, *Marchand v. Gene Thorpe Finance, Inc.,* 225 So. 2d 485 (La. App. 1969); *Viles v. Scofield,* 128 Colo. 185, 261 P.2d 148 (1953). "There is no reason he should not be held responsible for the inept counsel he freely chose even though that counsel was himself." *State v. Baker,* 201 Neb. 579, 581, 270 N.W.2d 922, 924 (1978).

The record herein is totally devoid of any evidence of his not understanding what he was doing when waiving counsel. As a matter of fact, the record shows that Rogers was clearly aware of what he was doing and the consequences of his act. Rogers knew who had been appointed to represent him and what the effect of discharging counsel and representing himself meant. He subpoenaed witnesses, examined and cross-examined witnesses, and made closing argument. It was not successful simply because the evidence of guilt, including his own confession, was too great.

Finding no error, we believe the judgment should be affirmed.

AFFIRMED.