# State of Vermont v. Harold Olds

[443 A.2d 443]

No. 120-79

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed May 28, 1981

Motion for Reargument Granted October 7, 1981

Opinion on Reargument February 2, 1982

*Mark J. Keller*, Chittenden County State's Attorney, and *Susan R. Via,* Chief Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, Montpelier, and *Michael S. Kupersmith,* Public Defender, Burlington, for Defendant.

Barney, C.J. After trial by jury the defendant was found guilty of receiving stolen property in violation of 13 V.S.A. § 2561. On appeal three issues are briefed. The first is a claim of error in the denial of a motion for judgment of acquittal, based on the insufficiency of the evidence to establish the defendant's guilt. The second relates to allowing testimony from a witness without adequate notice to the defendant that the witness was to be called. The third is a claim that the defendant was prejudiced because he was not permitted to copy the deposition of a witness before the trial.

The factual situation is quickly outlined. Certain guns were taken from a residence on the weekend of August 12–13, 1978. On the afternoon of August 13 one Lafleur, in the company of the defendant, sold a gun to a third party, taking it out of the trunk of a 1972 Duster. That sale is not a part of this charge. The testimony revealed that there were other guns available in the car at that time. As Lafleur was negotiating the gun sale, the defendant approached and said something to the effect that, "We can't sell them that cheap."

The gun, a rifle, was sold at the modest price of $40, and Lafleur pocketed the money, delivering the rifle to the buyer. About two hours later two state police officers confiscated the gun from the buyer.

At about 10 o'clock that evening the Duster was seen and stopped. The defendant was driving, with Lafleur the only passenger. The trunk of the car had a defective lock and could be opened with a screwdriver. After some discussion one of the police officers present took a screwdriver from the back seat of the car and opened the trunk, disclosing two guns later identified as coming from the residence earlier referred to.

The definition of the essential elements of the offense of receiving stolen goods is not set out in the statute and must be taken from the common law. *State* v. *Guppy,* 129

Vt. 591, 594, 285 A.2d 717, 719 (1971). The elements are: (1) receiving, (2) property which was stolen, (3) with knowledge that the property was stolen. *Id.* at 595, 285 A.2d at 720. As in the distinction between grand and petit larceny, if the charge is to reach the level of a felony, the value of the property must be established as being more than $100. 13 V.S.A. §§ 2501 and 2561.

The defendant contends that his motion for judgment of acquittal should have been granted on the basis that the evidence presented was insufficient to establish guilt. His contentions in this regard are twofold: first, a general objection asserting failure on the part of the State to satisfy the requirements of its burden of proof; and second, specifically challenging the establishment of three elements of the crime.

The defendant centers his complaints about the adequacy of the proof to support his conviction on the State's reliance upon circumstantial evidence. He first argues that the evidence against him was wholly circumstantial. Assuming, for the moment, that this is so, what consequences follow? Our cases have held that this is the situation that calls forth what has come to be identified as the charge on circumstantial evidence. *State* v. *Crosby,* 124 Vt. 294, 298, 204 A.2d 123, 126 (1964).

The question to be answered is whether or not there is something about circumstantial evidence that requires that it be treated differently from what is referred to as direct evidence. In a sense, the answer is "yes," just as we are at pains to give special explanation, where the occasion demands, to demonstrative evidence, expert evidence, or impeaching evidence. But such explanation, in clarifying its character, ought not to be taken to mean to the jury that a more rigorous standard of proof is imposed on circumstantial evidence than upon direct testimonial evidence. Indeed, in *State* v. *Ward,* 61 Vt. 153, 189, 17 A. 483, 489 (1888), the trial judge was affirmed for pointing out to the jury that many great jurists have pronounced circumstantial evidence " 'of a nature equally satisfactory with positive evidence and less liable to proceed from perjury.' "

Undoubtedly the logical requirement of circumstantial evidence that an inferential step must be taken from the

evidence to the fact sought to be proved provided the assumed need for direction to the jury. Unfortunately, in directing the jury's attention to this evaluative process, the usual instruction may have given the impression that there is a special rule relating to the sufficiency of evidence in circumstantial evidence cases. This is not so, and our cases now say so. *State* v. *Derouchie*, 140 Vt. 437, 440 A.2d 146 (1981). The Supreme Judicial Court of Maine has now rejected the use of such a special charge as too confusing to the jury, *State* v. *LeClair*, 425 A.2d 182, 184 (Me. 1981), and henceforth our trial judges should do likewise unless it clearly appears to the trial judge that the jury cannot fairly evaluate the evidence before it without such guidance. *State* v. *Veilleux*, 140 Vt. 517, 439 A.2d 277 (1981). As both *Derouchie* and *LeClair* reiterate, there is but one standard of proof for criminal convictions, and the test is the same whether the evidence be circumstantial or direct. See Justice Hill's dissent in *State* v. *Larose*, 138 Vt. 281, 289, 415 A.2d 210, 215 (1980). As stated in *State* v. *Green*, 126 Vt. 311, 313, 228 A.2d 792, 794 (1967), by Keyser, J., "[T]o warrant a conviction, each fact which is necessary to the conclusion that a respondent committed the crime charged must be fully established beyond a reasonable doubt." This proof of fact of course includes any reasonable inferences properly to be drawn from them. *State* v. *Harrington*, 128 Vt. 242, 254, 260 A.2d 692, 700 (1969).

 With that in mind our review of the sufficiency of the evidence in this case will likewise follow that standard, with the evidence viewed in the light most favorable to the State, and the effect of modifying evidence excluded. *State* v. *Girouard*, 135 Vt. 123, 135, 373 A.2d 836, 844 (1977).

 The defendant challenges the proof of each element of the crime of receiving stolen property as set out above. As to the first element, "receiving," the test for possession is whether the evidence demonstrated in the defendant any care, management or physical control of the items, including any secret concealment or protection of the property. Here, the defendant did show some control over the guns. Possession can also be inferred from the position of the defendant, as driver of the car, and his associate, at the time

of seizure of the guns by the officers. *State* v. *Ballou,* 127 Vt. 1, 6–7, 238 A.2d 658, 662–63 (1968). Control was also corroborated by the defendant's comment, as noted earlier, to his associate in the presence of a buyer, "We can't sell them that cheap."

Some issue is made, however, about a lack of positive proof that the stolen guns taken by the police when the vehicle was stopped were the same guns as the ones in the trunk when the defendant made that statement of possession during the sale of the earlier gun. Having in mind that the gun sold and the guns seized were all taken from the same vehicle operated by the defendant, and, further, that the sale and seizure happened on the same day, separated only by a matter of hours, that evidence justified the inference that the possession was uninterrupted and included all of the guns sufficiently to meet the State's burden of proof without some contrary or countervailing evidence. There was none here.

The defendant further seeks to burden the State with the responsibility of demonstrating beyond a reasonable doubt that the defendant received the guns as opposed to stealing them himself, and that he knew they were stolen. In *State* v. *Driscoll,* 137 Vt. 89, 400 A.2d 971 (1979), this Court stated that the unexplained possession of recently stolen property entitles the jury to draw the inference that the accused possessor received the property, and that he knew the property was stolen. *Id.* at 101, 400 A.2d at 978. Once the defendant was confronted with incriminating evidence sufficient to sustain a conviction, he bore the risk of nonpersuasion. *State* v. *Veilleux, supra; State* v. *Jackson,* 126 Vt. 250, 257, 227 A.2d 280, 285 (1967); *State* v. *Coburn,* 122 Vt. 102, 109, 165 A.2d 349, 355 (1960). This evidence of defendant's knowledge was supplemented by evidence of the circumstances of the sale of one of the guns in the yard of a bar, out of a car and for a price less than its value. *State* v. *Alpert,* 88 Vt. 191, 196, 92 A. 32, 37 (1914). The issues were properly for the jury.

The defendant goes on to argue that the evidence is inadequate to demonstrate that the guns in question were stolen. But the owner of the guns testified without challenge

as to his ownership, and that his house had been broken into and these very guns taken from it. As already noted, he had identified the guns coming from the trunk of the vehicle operated by the defendant as his. Without countervailing evidence, this was sufficient to allow the jury to find beyond a reasonable doubt that the guns were stolen. Indeed, any other inference, in the light of the evidence, verges on the fanciful.

■■■ On the issue of value the defendant complained that an expert witness was improperly permitted to testify for the State without proper notice to the defendant under V.R.Cr.P. 16(a). The witness was first made known to the defendant at least one day before the trial began. He testified as to the value of the stolen guns.

The lower court allowed the expert to testify. Without more, this might well have been error, but that result does not follow automatically. *State v. Evans*, 134 Vt. 189, 353 A.2d 363 (1976). The issue turns on prejudice, as the *Evans* case indicates. *Id.* at 192, 353 A.2d at 365. In this case the trial judge ruled that the trial would go on, but offered to suspend the proceedings to give the defendant an afternoon and evening to prepare for the witness' evidence. The defendant chose to go on with the trial instead. Later, at the close of the case, the judge again gave the defendant an opportunity to find an expert, but he was unable to find a satisfactory witness. Since the defendant rejected the opportunity to prepare his case, no prejudice appears requiring reversal. See *id.* at 193, 353 A.2d at 366.

■■ ■■ The last issue relates to the trial court's refusal to allow the defendant to copy, before trial, the sealed deposition of a witness. The defendant had been represented at the taking of the deposition, but had neither made an audio tape of it nor ordered a copy. The first omission was an oversight and the second was based on a directive from the office of the Defender General, founded on fiscal consideration. The depositions in question had not been filed with the court at the time of the request. The judge indicated that, once they were filed with the court, they would be available to the defendant. Until filed, however, they must remain sealed. V.R.Cr.P. 15(d) and V.R.C.P. 30(f). It seems clear that it is not a function

of the trial court to abrogate the rules of criminal procedure, as would have been required, in order to repair an oversight or ameliorate the consequences of a fiscal choice. Moreover, the arguments of any prejudice are less than persuasive where defense counsel were present and fully participated in the taking of the deposition. No basis for reversal on this ground has been made to appear.

*Judgment affirmed.*

NOTE: When this case was first argued reference was made to certain evidence as being established before the jury that the first gun sold was part of the group of guns stolen from the residence referred to. This evidence was presented on the motion to suppress, but was not, in fact, put before the jury. With this in mind full reargument was ordered in order to test the question of the sufficiency of the evidence, without that matter, to make a case for the jury sufficient to withstand a motion for judgment of acquittal. On a careful evaluation of the evidence presented to the jury the Court found that motion for judgment of acquittal properly denied. The opinion was redrafted to reflect the case as reconsidered. The result was not changed.