### State of Vermont v. Jay Albert Menard

[451 A.2d 1100]

No. 177-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

48

*Mark J. Keller,* Chittenden County State's Attorney, *Susan L. Fowler,* Deputy State's Attorney, and *Jeffrey E. Snow,* Law Clerk (On the Brief), for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Nancy E. Kaufman,* Acting Appellate Defender, for Defendant-Appellant.

**Per Curiam.** At 3:07 a.m. on October 25, 1980, a silent alarm went off at the Burlington police station which indicated that someone was moving inside a Mobil gas station on Pearl Street. Three minutes later a police officer arrived at the scene. Although he saw no one inside the station, he observed that glass in a window on the west side of the building had been carefully removed from the frame and large pieces of glass stood nearby. It was determined that an entry had been made at this point. About the same time a second officer arrived at the scene and observed the defendant crouched between some cars located on the lot. At that point, the defendant fled. The officer followed him and kept him in sight until he ran down the driveway of an apartment building 200 feet away. In back of the building there was an open garage, inside of which the officer discovered the defendant crouching near a refrigerator. The officer arrested the defendant and identified him as the individual who had fled from the scene. Upon questioning, the defendant stated that he had been hitchhiking on Pearl Street when he heard glass breaking and noticed three people run by him. He explained that when he saw the police cruiser arrive he was frightened, hid between the cars, and then ran away and hid in the garage. Two or three days later a set of keys was discovered beneath the refrigerator in the garage where the defendant was apprehended. The keys had been inside the gas station before the break in and fit the oil rack, tire rack, and various cars waiting for service.

The defendant was charged and subsequently convicted of breaking and entering in the nighttime with intent to commit larceny. On appeal he claims that the evidence presented at trial, whether direct or circumstantial, was insufficient to permit a jury to find him guilty beyond a reasonable doubt.

On appeal we must view the evidence in the light most favorable to the State, excluding modifying evidence.

*State* v. *Jaramillo,* 140 Vt. 206, 208, 436 A.2d 757, 759 (1981) ;
*State* v. *Prime,* 137 Vt. 340, 341–42, 403 A.2d 270, 271 (1979).
The standard of proof, whether the evidence presented is cir-
cumstantial or direct or a combination, is guilt beyond a rea-
sonable doubt. *State* v. *Olds,* 141 Vt. 21, 26, 443 A.2d 443, 445
(1982) ; *State* v. *Derouchie,* 140 Vt. 437, 445, 440 A.2d 146, 150
(1981).

■■    The facts here were sufficient for a jury to fairly
and reasonably conclude that the defendant was guilty beyond
a reasonable doubt. Although the defendant's mere presence at
the scene of the crime would be insufficient standing alone to
establish guilt beyond a reasonable doubt, *State* v. *Mecier,* 126
Vt. 260, 262, 227 A.2d 298, 299 (1967), here there was more.
The silent alarm could only be activated through an entry to
the premises. When the police arrived the defendant was ob-
served hiding between two cars. He then fled the scene. Al-
though standing alone flight is insufficient to convict, a jury
can infer consciousness of guilt from evidence of flight. *State*
v. *Jaramillo, supra,* 140 Vt. at 209, 436 A.2d at 759. In addi-
tion, he was apprehended ten minutes after he fled, and keys
which were inside the station prior to the entry were subse-
quently discovered where the defendant had been hiding. There
was sufficient evidence for a jury to find the defendant guilty
beyond a reasonable doubt.

*Affirmed.*