**State of Vermont v. Bruce E. Tenney, Sr.**

[464 A.2d 747]

No. 82-373

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 7, 1983

214

*William E. Kraham*, Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Divoll & Doores, P.C.*, Bellows Falls, for Defendant-Appellant.

**Hill, J.** Defendant was convicted after trial by jury of attempting to possess a deer taken in closed season in violation of 10 V.S.A. § 4781. The sole issue raised on appeal is whether

there was sufficient evidence before the jury to support the conviction. We affirm.

The pertinent facts, taken in a light most favorable to the State while excluding modifying evidence, *State* v. *Olds,* 141 Vt. 21, 26, 443 A.2d 443, 445 (1982), are as follows. At approximately 8:00 p.m. on November 29, 1981, almost three and one-quarter hours after the close of deer season, a farmer in Grafton, Vermont, heard a gunshot from one of his fields adjacent to Route 121 and Fisher Hill Road. Moments after the gunshot, he observed a small car speeding away on Route 121, and instructed his wife to call the state police. One-half hour later, a state game warden arrived at their residence to investigate.

After consulting with the farmer and his wife, the game warden left their house and immediately spotted a Plymouth Trailduster entering the farmer's field with its lights turned off. After stopping briefly, the vehicle backed out of the field, turned on its lights and proceeded up the Fisher Hill Road. Upon viewing this the warden remained in his truck to see what, if anything, would happen next. After waiting ten minutes the warden, in full uniform with flashlight in hand, walked down to the field to check for evidence of an illegal deer taking.

At the bottom of a steep wooded bank bounding the field, the warden discovered a freshly killed deer. It was established at trial that the estimated time of death was 8:00 p.m. In addition, the warden found a fresh thirty-five yard trail leading from the one hundred and twenty pound doe to an elevated point on the bank. At this point the warden saw defendant twenty-three paces away, hiding behind a beech tree. The warden approached defendant and shouted, "Hold it!" When defendant began to run, the warden again shouted, "Hold it, State Game Warden, you're under arrest!" Defendant continued to run but was quickly apprehended after a brief struggle. Once in custody, defendant explained that he was trying to help out the warden, that he saw someone shoot the deer, and that he hated to see deer meat go to waste.

 In order to convict under 10 V.S.A. § 4781, the State must prove beyond a reasonable doubt that defendant was intentionally in possession of a deer illegally taken in closed sea-

son. *State v. Trombley*, 136 Vt. 333, 335, 388 A.2d 433, 434 (1978). Although the State failed to meet its burden of proof on the possession charge, the jury did convict defendant on the attempted possession charge. "To constitute an attempt to commit a crime, the act must be of such a character as to advance the conduct of the actor beyond the sphere of mere intent. It must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation." *State v. Boutin*, 133 Vt. 531, 533, 346 A.2d 531, 532 (1975) (citing *State v. Hurley*, 79 Vt. 28, 31, 64 A. 78, 78 (1906)).

■ When testing a challenge to the sufficiency of evidence to support a conviction, our standard is "whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State v. Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981); *State v. Larose*, 138 Vt. 281, 285, 415 A.2d 210, 212–13 (1980). In cases where contradictory evidence has been introduced, we have consistently held that "it is the exclusive province of the jury, as finders of fact, to resolve the contradictions and decide who to believe." *State v. Riley*, 141 Vt. 29, 33, 442 A.2d 1297, 1299 (1982) (citing *State v. Blakeney*, 137 Vt. 495, 500–01, 408 A.2d 636, 640 (1979)). That is, "we must affirm the judgment unless we find there was no credible evidence presented which would justify a verdict of guilty." *State v. Jaramillo*, 140 Vt. 206, 208, 436 A.2d 757, 759 (1981).

[6, 7] A careful review of the record reveals that there was more than enough evidence to sustain a conviction of attempting to possess a deer taken in closed season. In essence, "defendant asks this Court to substitute its judgment for that of the jury which heard the testimony and had the opportunity to judge the credibility of the witnesses. This we will not do." *State v. Mable*, 141 Vt. 339, 340, 449 A.2d 903, 904 (1982). There being sufficient evidence to support the jury's verdict, the judgment of the trial court is affirmed.

*Affirmed.*