## State of Vermont v. Nancy Murray-Miller

[465 A.2d 237]

No. 82-142

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 7, 1983

---

*James D. McKnight*, Orange County State's Attorney, Chelsea, for Plaintiff-Appellee.

*Nancy J. Murray-Miller*, pro se, Brookfield, Defendant-Appellant.

**Per Curiam.** This is an appeal by defendant from her conviction by the District Court, Orange Circuit, of operating a motor vehicle in excess of the legal speed limit in violation of 23 V.S.A. § 1081(b). We affirm.

The sole witness presented by the State was the arresting officer, a trooper of the Vermont State Police. The officer testified that he had clocked the defendant's vehicle, using a moving radar device in his patrol car, at sixty-one miles per hour in a fifty mile per hour zone on Route 66 in the Town of Randolph.

Defendant represented herself at all levels of the proceedings, including those before this Court. She raises two issues for our review. She contends first that the trial judge erred "in citing judicial notice of radar when evidence was presented that indicated potential problems with the radar were possible in the given situation." Secondly, she questions whether the State proved "beyond a reasonable doubt that none of the technical problems associated with moving radar occurred in this case."

The primary fallacy in defendant's position lies in her argument that once she presented evidence of potential external factors, some of which, she contends, were present in her case, and which *might* cause an otherwise accurate radar device to malfunction, the State had the burden to show that such mal-

function did not occur. This is not a correct statement of the law nor of the State's obligation in these cases.

At the outset it is beyond question that before resting the State had presented a prima facie case of speeding. The defendant then undertook to present to the court, through her own testimony and that of her husband, a series of possibilities, outside of the radar device itself and the competency of the operator, which, they claimed, might have resulted in an error. There was no evidence that such possibilities did in fact cause a malfunction.

The defendant conceded that she is not a radar expert. In the absence of such appropriate qualifications, the mere recitation by her of possible problems held little if any necessary evidentiary value. The court had no way of knowing whether her description of these claimed problems were correct; she did not authenticate any of her sources. The trier of fact was under no constraint to accept her testimony at its full face value; indeed it is doubtful, given her clear lack of qualifications, that it would even have been admissible had an objection been interposed.

Defendant's husband was in a slightly different position. While he admitted freely that he was not an expert on radar and was not familiar with the particular radar device used in this case, he holds a degree in electrical engineering with a major in communications and electromagnetics, and claimed some knowledge of the general principles of radar. He too testified as to certain factors which, he claimed, might have produced an erroneous result here. Although his qualifications as an expert for purposes of this case and of the particular instrument involved may have been open to question, his testimony, in narrative form, was received without objection. Nevertheless, even if he could be considered an expert, the weight and credibility assigned his testimony is a matter for the trier of the facts to determine. In discussing expert testimony, this Court has said: "[Expert testimony] is to be treated in the same manner as other testimony, does not establish any material fact as a matter of law, and is not of controlling effect." *Jackson* v. *Jackson*, 139 Vt. 548, 551, 432 A.2d 1181, 1182 (1981). Once again, the trial court was not obligated to accept at face value the evidence of either the defendant or her husband.

There is nothing in the record to support the defendant's contention that the trial court took judicial notice of the accuracy of the particular radar device involved here in the face of any external factors. There was, in fact, no need for it to do so even if it had been proper. Considering the evidence in the light most favorable to the State as the prevailing party, and excluding the effect of any modifying evidence, *State* v. *Olds*, 141 Vt. 21, 26, 443 A.2d 443, 445 (1982), we find the court's conclusions and judgment are amply supported by the findings, and the findings in turn supported by the evidence favorable to the State. The mere rejection of contrary evidence does not constitute judicial notice of anything. The trial court was fully justified in finding guilt beyond a reasonable doubt. If the prosecution ran any risk at all in not responding to the full list of hypotheticals suggested by the defense, it was slight and, as it developed, justifiable: "The trier of fact is not required to search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt." *State* v. *Veilleux*, 140 Vt. 517, 522, 439 A.2d 277, 280 (1981).

*Judgment affirmed.*