## State of Vermont v. Wayne L. Kozel

[505 A.2d 1221]

No. 84-049

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 31, 1986

*Kevin G. Bradley*, Chittenden County State's Attorney, and *Theresa St. Helaire*, Legal Intern, Burlington, for Plaintiff-Appellee.

*Blais, Cain & Keller, Inc.*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant, Wayne Kozel, appeals from his conviction, after trial by jury, of driving while under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201(a)(2). We reverse and remand because of errors in the taking and evidentiary use of a breath test.

On September 12, 1983, defendant, a New Jersey resident, was in Burlington, Vermont on a business trip. At approximately 10:30 p.m., defendant was stopped by an officer of the Burlington Police Department because he was driving the wrong way on a

one-way street. The police officer noted that there was an odor of intoxicating liquor emanating from defendant; that defendant's speech was slurred; that defendant's eyes were bloodshot and his pupils dilated; and that defendant had difficulty producing his license. The officer then asked defendant to get out of his car to perform some field dexterity tests. Upon defendant's inadequate completion of these tests, the officer asked him to give a nonevidentiary sample of his breath. Defendant refused; he was then taken to the police station for further processing.

At the police station, defendant was read his *Miranda* rights, and he asked to speak to an attorney. After defendant consulted with a public defender, the police officer requested defendant to give an evidentiary sample of his breath. Defendant's account of subsequent events differs from that of the police officer. Defendant claims that the officer threatened him with overnight lodging when he refused to give an evidentiary sample of his breath at the police station. He also claims there was a further threat to investigate him for a charge of stolen property if he did not submit to testing. According to defendant, it was a combination of these threats that caused him to give a sample of his breath. The police officer denied making these statements and stated that defendant voluntarily submitted to testing after speaking with his attorney.

Defendant filed a motion to suppress the breath test results, stating that the sample was obtained under coercion. After a hearing, the trial court denied the motion. At trial, the numerical results of the breath test were admitted into evidence over defendant's objection. The jury found defendant guilty and he was fined $200.00. On appeal, defendant states that the trial court erred in denying defendant's pretrial motion to suppress.

Defendant first argues that certain findings made by the trial court are not supported by the evidence. Defendant further claims that the police were not authorized to compel the taking of a breath sample by threatening defendant with lodging if he refused to submit to the breath test.

After the suppression hearing, the trial court found that under V.R.Cr.P. 3(c)(2)(C) and (D),[1] "arrest and lodging of the defend-

---

[1] V.R.Cr.P. 3(c)(1) states that "[a] law enforcement officer acting without warrant who has grounds to arrest a person for a misdemeanor shall, except as provided in paragraph (2) of this subdivision, issue a citation to appear before a judicial officer in lieu of arrest."

ant . . . is more than justified." In this regard, the trial court's findings state:

22. Here at least two exceptions apply:
    (a) 3(2)(c) [sic] the defendant's conduct was unreasonable, hiding keys and boisterous loud talk at the station which are sufficient to present a problem of further criminal conduct.
    (b) 3(2)(1) [sic] no community ties and his uncooperative conduct refusing an alco-sensor and refusing an evidentiary test are reasonable basis to believe the defendant would not follow through if cited to appear.

23. The court finds that the defendant was informed, because of his circumstances in the concrete factual context as found, that refusal to take the test when coupled with the other circumstances of the evening presented the police with a problem that may have to be solved by securing his presence for court by lodging.

24. The advice was proper and sensible under the circumstances and not a threat.

■ The lower court's function, as trier of fact in this case, is to weigh the credibility of the witnesses and resolve conflicts in the evidence. See *State* v. *Driscoll*, 137 Vt. 89, 95, 400 A.2d 971, 975 (1979). The court evidently determined that defendant was informed that refusal to take the test could result in lodging. The findings further indicate that the trial court considered defendant's refusal to give a breath sample to be uncooperative behavior justifying the police officer's "advice" that defendant could be lodged if he continued to refuse testing. To sanction the evidentiary use of a test obtained under these circumstances was error, whether or not the police were justified in advising defendant he

---

V.R.Cr.P. 3(c)(2) states that, "[t]he citation required in paragraph (1) of this subdivision need not be issued, and the person may be arrested or continued in custody, if . . . (C) Arrest is necessary to prevent bodily injury to the person arrested or to the person of another, harm to property, or continuation of the criminal conduct for which the arrest is made; or (D) The person has no ties to the community reasonably sufficient to assure his appearance or there is a substantial likelihood that he will refuse to respond to a citation . . . ."

could be lodged because he was otherwise uncooperative or because he had no community ties. See V.R.Cr.P. 3(c)(2)(C) & (D).[2]

■ Vermont's Implied Consent Law states:

> Any person who operates, attempts to operate or is in actual physical control of any vehicle on a highway in this state is deemed to have given his consent to the taking of more than one sample of his breath for the purpose of determining the alcoholic content of his blood.

23 V.S.A. § 1202(a). "This implied consent does not, however, leave the motorist stripped of procedural safeguards." *State* v. *Orvis*, 143 Vt. 388, 390, 465 A.2d 1361, 1362 (1983). 23 V.S.A. § 1202(c) provides:

> A person who is requested by a law enforcement officer to submit to a test which is intended to be introduced into evidence, under this section shall have the right to consult an attorney prior to deciding whether or not to submit to such a test. The person must decide within a reasonable time, but no later than thirty minutes from the time of the initial attempt to contact the attorney, whether or not to submit to the evidentiary test.

This Court has stated that 23 V.S.A. § 1202(c) evidences the legislature's "concern that any refusal to be tested [shall] not be lightly decided, by providing for counsel and for time for reflection. To allow unauthorized police action to cloud the otherwise voluntary nature of the decision to refuse testing would be inconsistent with that concern." *State* v. *Carmody*, 140 Vt. 631, 636, 442 A.2d 1292, 1295 (1982); see also *State* v. *Baldwin*, 140 Vt. 501, 513, 438 A.2d 1135, 1141 (1981) ("a person cannot be compelled to take a blood alcohol test against his will although certain statutory consequences follow upon a refusal") (citing 23 V.S.A. § 1205(a)).

■ Further, we recognize that the right to refuse to give a sample of breath is "a creature of statute," and that the legislature has the power to place conditions upon this statutory right. *State* v. *Brean*, 136 Vt. 147, 151-52, 385 A.2d 1085, 1088 (1978).

---

[2] We therefore have no reason to address defendant's argument that the trial court's findings stating that defendant was uncooperative were not supported by the evidence.

The statutory conditions are set out in 23 V.S.A. § 1205(a): the "refusal may be introduced as evidence in a criminal proceeding" and a defendant's license shall be suspended. The statute, however, does not state that a defendant may be lodged for refusing to submit to a breath test. Although one purpose of the Implied Consent Law is to alleviate the serious problem posed by motorists who drive under the influence of intoxicating liquor, coercion of this sort is improper, and the results of the breath test should have been suppressed.

· The State argues that defendant failed to show that he was prejudiced by admission of the breath test results at trial. In support of this contention, the State points out that the numerical test results were admitted solely to corroborate the police officer's testimony that defendant had been drinking and that there was overwhelming evidence of defendant's guilt, even if the results had not been considered.

■ The use of test results for corroborative purposes was recently addressed in *State* v. *Dumont*, 146 Vt. 252, 255, 499 A.2d 787, 789 (1985), where this Court stated:

> In view of the marginal additional probative value of the numerical result, and the danger of its misuse by the jury, expert testimony concerning the blood alcohol content test in a § 1201(a)(2) prosecution should be strictly limited to whether the test demonstrates that the defendant did, in fact, consume any intoxicating liquor. The numerical result itself should be excluded unless it is related back to the time of operation and used pursuant to the permissive presumption established at 23 V.S.A. § 1204(a)(3).

In this case, defendant's numerical test result was admitted into evidence merely as corroboration; there was no relation back to the time of operation. We also note that the State emphasized the importance of the test results in its closing argument; we therefore conclude that defendant was unduly prejudiced, and reversal is required. On remand, in light of our ruling that the threat of lodging is improper coercion, a new trial is to be conducted without the use of the test results.

*Reversed and remanded.*