## State of Vermont v. William C. O'Connell

[510 A.2d 167]

No. 84-160

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 28, 1986

*Dena Monahan* and *Kathleen M. Moore*, Chittenden County Deputy State's Attorneys, Burlington, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant William O'Connell appeals his conviction, after trial by court, of disorderly conduct in violation of 13 V.S.A. § 1026. Defendant argues on appeal that the trial court erred in denying his motion for substitute counsel, in failing to inquire into his decision to proceed pro se, and in denying his motions to dismiss.[1] We affirm.

Viewing the evidence in the light most favorable to the State and excluding modifying evidence, *State* v. *Tenney*, 143 Vt. 213, 215, 464 A.2d 747, 748 (1983), the facts are as follows. In November, 1983, defendant was walking on a sidewalk along Williston Road in South Burlington, Vermont. Two women, walking abreast, approached defendant from the opposite direction, one of them pushing a baby stroller. As the two women passed by defendant on the sidewalk, defendant struck one of them on the arm, leaving a red mark.

Defendant entered a plea of not guilty at his arraignment, and counsel was assigned. On March 7, 1984, the day before trial, defendant filed a motion to continue; he wanted to obtain substitute counsel as he was dissatisfied with his appointed attorney. The motion was denied after a hearing.

At the beginning of trial on March 8, 1984, defendant requested permission to conduct his own defense; defendant's appointed counsel informed the court of his intention to remain during trial to advise defendant "on the legal issues and motions." Defendant's request was granted. At the conclusion of the State's case, and at the close of all the evidence, defendant moved to dismiss; these motions were denied and the court found defendant guilty, sentencing him to probation with a suspended sentence of zero to forty days.

---

[1] Two additional issues briefed by appellant on appeal were waived by counsel at oral argument before this Court; we therefore do not address them.

# I.

■ Defendant's first claim on appeal concerns the trial court's refusal to appoint substitute counsel.[2] A motion for substitute counsel is addressed to the discretion of the trial court, *State* v. *Ahearn*, 137 Vt. 253, 263, 403 A.2d 696, 703 (1979), and the party claiming abuse of that discretion bears the burden of proof. *Id.* at 267, 403 A.2d at 705. Thus, defendant "must show that the court failed to exercise its discretion, or that its discretion was exercised for reasons clearly untenable or to an extent clearly unreasonable. . . . This Court will not interfere if there is a reasonable basis for the court's discretionary action." *Id.* (citations omitted). Defendant here argues that the trial court improperly withheld its discretion by failing to inquire adequately into defendant's relationship with appointed counsel.

■ The court's responsibility, when assigning counsel, is to provide defendant "with competent counsel of sufficient ability and experience to fairly represent the [defendant], to present his defense, and to protect his rights." *State* v. *Bruley*, 131 Vt. 366, 367, 306 A.2d 672, 673 (1973). When faced with a request for substitute counsel,

> the court must consider such circumstances as whether present counsel is reasonably likely to afford a defendant effective assistance, whether the mutual confidence between the lawyer and client has been destroyed, whether the defendant has unduly delayed in seeking a new assignment, and whether the defendant is merely engaging in delaying tactics.

*Ahearn, supra*, 137 Vt. at 263, 403 A.2d at 703.

Defendant's dissatisfaction with his appointed counsel appears to stem from disagreement between them regarding the retention of an independent expert to counter the results of a court-ordered psychiatric evaluation. Defendant argues that counsel's failure to retain an expert demonstrates an inability to provide effective assistance. This claim, however, relates to one of the issues waived

---

[2] A review of the record reveals that defendant moved for a continuance so that he could obtain counsel of his own choosing. The parties, in their briefs, have construed defendant's motion as a request for substitute counsel. Although we might have addressed this issue differently, we proceed in accordance with the analysis utilized by the parties.

on appeal, and we note that the trial judge expressly stated that the psychiatric report presented to the court "was not the basis for any action of this Court today." Despite their differences about the retention of an independent expert, defendant and his attorney were able to continue to communicate with one another, and defendant made use of the attorney's services during the trial. Further, at the March 7, 1984, motion hearing, the court expressed its confidence in appointed counsel's ability, stating that counsel was very competent. Defendant concedes that there was no conflict of interest between himself and his attorney.

■ The record also reveals that defendant's appointed counsel was in actuality the second attorney appointed by the court at defendant's arraignment. Defendant apparently had difficulty communicating with the first attorney—she lasted about fifteen minutes. The court expressed concern that defendant would ultimately have the same problem with a third appointed attorney: "It seems to me we're going to be in the same situation three months down the road with another . . . competent attorney." Further, defendant's motion for substitute counsel was filed the day before trial was to begin, and counsel had been preparing for three months. The trial court was justified in considering the potential for delay.

We conclude that defendant has failed to demonstrate that the trial court withheld or abused its discretion. The court properly exercised its discretion and the record evidences a reasonable basis for its ruling.

## II.

Defendant's next argument is that the trial court erroneously failed to inquire whether defendant's decision to represent himself was made knowingly and intelligently.

■ A defendant has a constitutional right to represent himself, independent from a defendant's right to waive the assistance of counsel. *Faretta* v. *California*, 422 U.S. 806, 819-20 n.15 (1975); *Ahearn, supra,* 137 Vt. at 260, 403 A.2d at 701. A defendant's decision to proceed pro se must be respected even though "he may conduct his own defense ultimately to his own detriment . . . ." *Faretta, supra,* 422 U.S. at 834. The decision, however, must be knowingly and intelligently made. The defendant "should be made aware of the dangers and disadvantages of self-

representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Id.* at 835 (citation omitted); see *Ahearn, supra,* 137 Vt. at 262, 403 A.2d at 702. This Court has stated that a defendant must be aware of the available options necessary to protect his rights, the nature of the charge against him, and the range of allowable punishment. *Ahearn, supra,* 137 Vt. at 262, 403 A.2d at 702.

At the beginning of trial on March 8, 1984, defendant informed the court of his desire to proceed pro se. The trial court made no inquiry into defendant's decision when it granted his request. Defendant argues that the court's failure to determine on the record that defendant's choice was knowingly and intelligently made requires reversal.

■ We agree with defendant that the better practice is for the court to discuss the potential adverse consequences of pro se representation with the defendant, pointing out his options, the nature of the charge, and the possible punishment. This discussion should appear on the record so that a reviewing court may determine that the defendant knowingly accepted the risk. See *Fowler* v. *United States,* 411 A.2d 618, 623 (D.C.), *cert. denied,* 446 U.S. 985 (1980).

The specific circumstances of a particular case, however, may excuse a trial court's failure to inquire into a defendant's decision to proceed pro se. *United States* v. *Rosenthal,* 470 F.2d 837, 845 (2d Cir. 1972), *cert. denied,* 412 U.S. 909 (1973); *Fowler, supra,* 411 A.2d at 623; *People* v. *Smith,* 33 Ill. App. 3d 725, 728, 338 N.E.2d 207, 209 (1975); *People* v. *Anderson,* 398 Mich. 361, 370-71, 247 N.W.2d 857, 861 (1976); *State* v. *Rogers,* 208 Neb. 464, 466, 303 N.W.2d 788, 790 (1981). After reviewing the record in this case, we cannot conclude that defendant, in choosing to represent himself, was uninformed.[3]

■ Defendant's awareness of his available options is evidenced by his pretrial attempt to obtain new counsel. See *Ahearn, supra,* 137 Vt. at 262, 403 A.2d at 702. His testimony at trial reveals that he understood the nature of the charge against him and that he took steps to meet the evidence introduced against him. The record reveals that a copy of the information stating the possible sentence was given to the defendant. Defend-

---

[3] Defendant's claim regarding his competency to waive counsel is not before us as this relates to one of the issues waived on appeal.

ant had been represented and advised by counsel from the time of his arraignment up to the time of trial. The attorney was also present throughout defendant's trial, during which there were several conferences held between defendant and the attorney, and the attorney prepared and signed defendant's notice of appeal. Finally, defendant makes no claim that he was forced to proceed pro se or that his decision to do so was not made voluntarily. In fact, the record gives no indication that defendant did not understand what he was doing. We therefore conclude that the record adequately demonstrates that defendant's decision to conduct his own defense was made knowingly and intelligently.

## III.

Defendant's final claim on appeal is that the trial court erred in denying his motions to dismiss. Defendant was charged with disorderly conduct in violation of 13 V.S.A. § 1026(1). The information provided that defendant was "a person who recklessly created a risk of public inconvenience by engaging in violent behavior." Defendant claims that the State's evidence was insufficient to demonstrate that defendant's actions were violent. He argues that the incident was akin to any attempted negotiation through a crowd of people, stating that the evidence presented "no more than a lapse of good manners . . . ."

Our standard of review when faced with a challenge to the sufficiency of the evidence to support a conviction is " 'whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt.' " *Tenney, supra,* 143 Vt. at 216, 464 A.2d at 748 (citations omitted). Where conflicting evidence is introduced, it is the lower court's function, as trier of fact, to weigh the credibility of the witnesses and resolve the contradictions. *State v. Kozel,* 146 Vt. 534, 537, 505 A.2d 1221, 1223 (1986). Thus, " 'we must affirm the judgment unless we find there was no credible evidence presented which would justify a verdict of guilty.' " *Tenney, supra,* 143 Vt. at 216, 464 A.2d at 748 (citations omitted).

The trial court, in its findings of fact, stated that the two women moved over to allow defendant to pass by and that defendant struck one of the women, leaving a red mark on her arm. The record provides the trial court with a reasonable basis for its

findings; the court evidently found the testimony of one of the women to be more persuasive than defendant's.

We also cannot say that defendant's actions were not violent within the contemplation of 13 V.S.A. § 1026. Defendant points to a dictionary definition of violent to argue that the legislature intended to punish only behavior that could be characterized as "furious, severe, vehement, extreme, [or] intense . . . ." That same definition, however, states that "unjust or improper force" may also constitute violence. Webster's New International Dictionary of the English Language 2846 (2d ed. 1955). The term "violent" contemplates a wide range of inappropriate behavior. The court below had sufficient credible evidence upon which to base its conviction of defendant on the crime of disorderly conduct.

*Affirmed.*