**STATE of Vermont v.
John W. LEWIS**

[586 A.2d 550]

No. 89-338

December 20, 1990. Defendant appeals his convictions of driving while under the influence of intoxicating liquor and the district court's finding of refusal to submit to a chemical test in violation of 23 V.S.A. §§ 1201(a)(2) and 1205. We affirm.

Beginning at his arraignment on February 27, 1989, and continuing thereafter, defendant repeatedly stated that he wanted to represent himself. Defendant contends that the trial court conducted no formal inquiry to determine if his decision was knowingly and intelligently made, and he now argues that the record should show such an inquiry.

The recognized "better practice is for the trial court first to conduct sufficient inquiry into the defendant's experience, motives, and understanding of what he is undertaking to determine the quality of his purported waiver, and then to provide a clear explanation of the adverse consequences of pro se representation. This discussion should appear on the record so that a reviewing court may determine that the defendant knowingly accepted the risk." *State v. Merrill*, 155 Vt. 422, 425, 584 A.2d 1129, 1131 (1990) (citations omitted). It is also advisable for the court to inform a defendant of the options available to protect his right to counsel, the nature of the charges against him, and the possible punishment. *Id.* at 425–26, 584 A.2d at 1131; *State v. O'Connell*, 147 Vt. 60, 65, 510 A.2d 167, 169 (1986). "The specific circumstances of a particular case, however, may excuse a trial court's failure to inquire into a defendant's decision to proceed pro se." *O'Connell*, 147 Vt. at 65, 510 A.2d at 169.

Review of the record in this case does not lead to the conclusion that defendant's decision was uninformed. First, defendant was informed of the potential adverse consequences of self-representation. At the pretrial status conference, defendant was warned that he was facing a serious matter with se-

rious administrative consequences, and that his lack of counsel made the situation potentially even more serious. Second, defendant was made aware of the nature of the charges against him. He was given a copy of the information stating the nature of the charges and the possible sentence, and, in response to the court's inquiry, he stated that he understood the charges and had no questions pertaining to them. Finally, defendant was made aware of the options available to him. At his arraignment the court informed him of his right to be represented by counsel, but he unequivocally stated his decision to represent himself and signed a Waiver of Counsel form. At the status conference the court made it clear to defendant that it would certainly accommodate him if he changed his mind about getting a lawyer. Although defendant was not specifically informed by the court of the right to have counsel provided, he signed the Waiver of Counsel form which clearly listed the right to have counsel provided at state expense if he could not afford to hire an attorney of his own. Defendant makes no claim that he did not understand what he was signing, or that he was, thereby, "forced to proceed pro se." *Id.* at 66, 510 A.2d at 170.

In addition, the record reveals that through defendant's background and experience he was not ignorant of the risks involved in proceeding pro se. Through the various stages of proceedings, defendant repeatedly referred to his prior experience with traffic violations, and to his two brothers having lost their licenses "for quite a number of years" for DWI offenses. As noted by the trial court, defendant was "obviously very aware of the penalties." Even with this experience, defendant wanted to represent himself to get out his "frustration and hate and anger" at the legal system. From this record, we conclude that defendant was aware of the "dangers and pitfalls that confront a lay person in defending himself in a

criminal trial." *State v. Quintin*, 143 Vt. 40, 44, 460 A.2d 458, 460–61 (1983). His right to make this decision is constitutionally guaranteed even though "he may conduct his own defense ultimately to his own detriment." *Faretta v. California*, 422 U.S. 806, 834 (1975).

*Affirmed.*