**STATE of Vermont v. Shelley D. PALMER**

[740 A.2d 356]

No. 98-415

August 24, 1999. Defendant Shelley Palmer appeals from a conviction entered in the Chittenden District Court on a charge of simple assault in violation of 13 V.S.A. § 1023(a)(3) (attempting by physical menace to put another in fear of imminent serious bodily injury). His contentions on appeal are that the trial court improperly denied him an opportunity to depose the complaining witness, that he should have been granted a new trial when certain information came to light about this witness and that the trial court committed reversible error by admitting evidence of an association between defendant, who is a bail bondsman, and a person defendant characterizes as a notorious murder suspect. We affirm the conviction.

The case concerns an incident that took place at defendant's home in Williston on the evening of August 11, 1997. It is undisputed that on that occasion defendant drew a gun in the presence of Robert Gero, who had posted bond with defendant in the amount of $6,000 to secure the

release of Gero's nephew. Also undisputed is that the nephew had fled the jurisdiction, leaving Gero potentially liable for the sum posted. The incident giving rise to this case occurred when Gero went to defendant's house to provide evidence that his nephew had been arrested in Florida. At trial, the disputed issues were whether defendant actually pointed the gun at Gero and whether defendant had the requisite wrongful intent to sustain an assault conviction. When the case went before the jury, it was essentially defendant's word against Gero's on these two issues.

During the pretrial phase of the proceedings, defendant moved pursuant to V.R.Cr.P. 15 to take Gero's deposition. Defendant also moved to dismiss the proceeding under V.R.Cr.P. 12(d) for lack of a prima facie case. The court convened a hearing on November 24, 1997, and indicated on the record that it was taking up the dismissal motion. Defense counsel raised the issue of the deposition request, indicating that Gero had refused to speak with defendant's attorney. The prosecutor responded that the proceeding was an unexceptional assault case that could be "tried in half an hour," and that the State did not "see setting aside an hour to do depositions of Mr. Gero." The prosecutor then advised the court that "[w]e're here to go ahead on the 12(d) motion today." The court responded: "All right. This is what we're going to do. We'll do a 12(d) motion. I'll have you call Mr. Gero. We'll do it all right now. . . . . That will give you the opportunity to hear his testimony so call Mr. Gero." Gero was then examined under oath, first by the State and then by the defense. At the conclusion of the hearing the court denied the dismissal motion and scheduled a trial date.

Defendant argues that the court either failed to rule on the deposition request or improperly denied it. We believe that it is clear that the court intended to rule on the deposition request. Its ruling can be

characterized either as a denial or a grant of a deposition in open court as part of the Rule 12(d) hearing. Although we have significant doubt that there was an adverse decision we can review, we will assume for purposes of this decision that the deposition request was denied.

Defendant could take a deposition in this misdemeanor case only "after approval of the court for good cause shown." V.R.Cr.P. 15(e)(4). One of the factors the court must consider is the "other opportunities available to the defendant to discover the information sought by the deposition." *Id.* The trial court has discretion in ruling on defendant's request to depose the victim. Thus, defendant must show that the trial court abused its discretion — that is, that the decision was untenable or clearly unreasonable. See *State v. Sims*, 158 Vt. 173, 186, 608 A.2d 1149, 1156 (1991). Moreover, to prevail on appeal, defendant must also show prejudice from the ruling. See *State v. Streich*, 163 Vt. 331, 349, 658 A.2d 38, 51 (1995) (concerning discovery provisions in V.R.Cr.P. 16); *State v. Olds*, 141 Vt. 21, 28-29, 443 A.2d 443, 447 (1982) (applying prejudice standard to trial court's refusal to permit defendant to copy sealed deposition).

We find neither error nor prejudice. Defendant's justification for the deposition was that the victim refused to talk with defense counsel. Responding to this justification, the court gave defense counsel access to the victim through examination at the Rule 12(d)(2) hearing. Defendant raised none of the objections that he now raises on appeal — that is, the hearing cross-examination was too limited, and defense counsel did not have an adequate opportunity to prepare. See *Streich*, 163 Vt. at 350, 658 A.2d at 51 (no error in refusing to exclude evidence where only concern raised by defendant was cured by trial court). We see no abuse of discretion in requiring the victim to testify at the Rule 12(d)(2) hearing in lieu of a deposition.

Defendant's argument on prejudice is equally unpersuasive. He argues that in a deposition he would have routinely inquired about the victim's employment history, and when he followed up with employers and co-workers on the victim's credibility, he would have discovered the critical impeachment evidence that the victim had tried to defraud an employer. Where defendant made no effort to describe the scope of the proposed deposition to the trial court, we will not speculate on how thorough the deposition and follow-up investigation might have been. All defendant can show is there might have been prejudice; we do not think this is enough.

Defendant next contends that the district court should have granted his motion for a new trial under V.R.Cr.P. 33 based on his discovery that the victim had engaged in fraudulent conduct in connection with an alleged workplace injury. It appears that a former co-employee of the victim read a newspaper article about the trial in this case and came forward with an affidavit charging that the victim had faked an accident to sue his employer and had offered the affiant ten percent of the recovery if the affiant testified favorably on the victim's behalf. We have established a stringent five-part test for granting a V.R.Cr.P. 33 motion based on newly discovered evidence. See *In re Hamlin*, 155 Vt. 98, 101, 582 A.2d 129, 130-31 (1990). Under this test, not only must the evidence be such that it "would probably change the result upon retrial," but it cannot be "merely cumulative or impeaching" and it must be evidence that "could not have been discovered earlier by the exercise of due diligence." *Id.* We review for abuse of discretion. See *id.* at 100, 582 A.2d at 131. The evidence at issue here is strictly of the impeachment variety. The trial court acted well within its discretion in denying defendant's motion.

Finally, defendant asks us to vacate his conviction based on his testimony, on

cross-examination by the State, that he had received assistance in constructing the back porch of his home from one Herman Yoh, who had been recently charged in the Chittenden District Court with first degree murder in connection with the death of his wife. The State offered this testimony — and similar testimony that defendant had on several occasions used former clients to do work at his house — to rebut defendant's contention that he did not typically have contact with dangerous individuals at his home despite his profession. The trial transcript reflects that when Yoh's name first came up in defendant's testimony, defense counsel requested a bench conference at which he complained that the State was improperly "trying to get the jury whipped up" over defendant's "habit of dealing with dangerous people." The prosecutor specifically indicated that he would not ask defendant, in the hearing of the jury, whether Yoh was facing a murder charge.

We need not address the State's contention that defendant failed to preserve his claim of error in these circumstances. Even assuming it had been preserved, defendant's contention that the proffered evidence was irrelevant is without merit. The State was plainly entitled to rebut defendant's contention that he was not accustomed to receiving dangerous individuals at his home. The only other basis for excluding the evidence is V.R.E. 403, which permits relevant evidence to be withheld from the jury if its probative value is substantially outweighed by the danger of unfair prejudice. We review for abuse of discretion, see *State v. Fuller*, 168 Vt. 396, 404, 721 A.2d 475, 481 (1998), and find none in these circumstances.

*Affirmed.*